[No. D014325. Fourth Dist., Div. One. Aug. 26, 1992.]

In re ANGEL J., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ANGEL J., Defendant and Appellant.

**[Opinion certified for partial publication.\* ]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I and part IIB of the Discussion and the concurring and dissenting opinion of Froehlich, J.

**COUNSEL**

Kevin C. McLean, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Esteban Hernandez and Rudolf Corona, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WIENER, Acting P. J.**—Angel J. appeals from a judgment finding him a ward of the court (Welf. & Inst. Code,[1] § 602) on true findings of possession of a nunchaku (Pen. Code, § 12020, subd. (a)). He was placed on probation with several conditions including one requiring Angel to maintain satisfactory grades in school, and a second restricting him from being in vehicles with more than one other minor without parental supervision. Angel contends: (1) the court erred in admitting statements obtained in violation of his privilege against self-incrimination; (2) there was insufficient evidence of possession; (3) the condition of satisfactory grades is improper; and (4) the vehicle restriction condition is not reasonably related to his background. We conclude Angel's first two assertions are without merit. We conclude, however, that "satisfactory" requires further definition and interpret it to mean that Angel shall attain grades that are satisfactory to the school authorities, i.e., *passing* grades. We also decide the vehicle restriction is unsupported by the record and order it stricken. As so modified we affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On November 10, 1990, at approximately 4:35 p.m., two police officers responded to a report of two young males playing with nunchaku in the courtyard of an apartment building. One police officer entered the courtyard, saw Angel and another juvenile, and asked both of them if they had been playing with nunchaku. Angel responded by directing the other juvenile to give the nunchaku to the officer, by saying "Give him the nunchakus [*sic*]" or "Give them to him." About a minute later the second police officer arrived from the other side of the complex and witnessed Angel receiving *Miranda*[2] admonishments. Angel waived his right to remain silent and told the police officers that the nunchaku was his.

Finding Angel made a knowing and voluntary waiver, the court denied a motion to exclude the admissions. The court found Angel had demonstrated the right to control the nunchaku, judged Angel guilty of possession of the nunchaku (Pen. Code, § 12020, subd. (a)), and declared him a ward of the court (§ 602). Placing Angel with his mother, the court ordered Angel to perform 40 hours of community service, and imposed conditions on his probation. Two of the probation conditions are challenged on this appeal: (1) "You must . . . maintain satisfactory grades" and (2) "You are not to be in

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2] See *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].

any privately-owned vehicle with more than one person under the age of 18, unless accompanied by a parent or legal guardian or with permission of the Probation Officer."

DISCUSSION

I. *True Findings of Guilt.**

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

II. *Probation Conditions.*

Angel contends the court erred in imposing two of the conditions of probation. Section 730 authorizes courts wide latitude in juvenile cases to impose conditions of probation beyond adult-type restrictions for purposes of reformation and rehabilitation of the juvenile.[3] ■ In adult proceedings, "a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People* v. *Lent* (1975) 15 Cal.3d 481, 486 [541 P.2d 545].) "Because of its rehabilitative function, the juvenile court has broad discretion when formulating conditions of probation. 'A condition of probation which is impermissible for an adult criminal defendant is not necessarily unreasonable for a juvenile receiving guidance and supervision from the juvenile court.' [Citations.] '[I]n planning the conditions of the appellant's supervision, the juvenile court must consider. not only the circumstances of the crime but also the minor's entire social history.' " (*In re Frankie J.* (1988) 198 Cal.App.3d 1149, 1153 [244 Cal.Rptr. 254], quoting *In re Todd L.* (1980) 113 Cal.App.3d 14, 19, 20 [169 Cal.Rptr. 625].)

A. *Satisfactory Grades.* ■ Angel argues the court erred in requiring he maintain satisfactory grades because such a probation condition is not reasonably related to his background or crime, and such a requirement is unconstitutionally overbroad, unconstitutionally vague, and beyond his capacity.

There is a "well known correlation between education and the crime rate." (*In re Robert M.* (1985) 163 Cal.App.3d 812, 816 [209 Cal.Rptr. 657], see

---

*See footnote, *ante*, page 1096.

[3]Section 730 provides in part: "When [a] ward is placed under the supervision of the probation officer . . . the court may make any and all reasonable orders for the conduct of such ward . . . . The court may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced."

*Serrano* v. *Priest* (1971) 5 Cal.3d 584, 607 [41 A.L.R.3d 1187].) Performance in school is reasonably related to future criminality, both by deterring current delinquency, and by enhancing the ability to maintain prospective employment or to continue in advanced education upon graduation. A court may reasonably conclude a juvenile, without an adequate education, is more likely to resort to criminal activities.

While conceding probation requirements to attend school are routinely upheld, Angel contends the requirement to maintain satisfactory grades while attending school is unconstitutional because such a measure is broader than necessary to achieve the desired result and the benefits of regular school attendance are adequate to accomplish any rehabilitative goals. Angel's argument fails to identify what fundamental right is being unconstitutionally infringed.[4] ■ Before state action can be found unconstitutional, it is necessary to identify the constitutional right at issue and the applicable level of scrutiny.[5] As a minimum, where a constitutional right is in question there must be a rational relationship between the challenged state action and the constitutional police power. ■ Here section 730 provides the court with broad powers to take strong early action in an effort to prevent future criminality. Physical attendance at school, by itself, may be inadequate to deter future criminality. Academic achievement is reasonably related to preparation for employment and full participation in society—the inverse of future criminality.

Angel contends the requirement of satisfactory grades is unconstitutionally vague because the requirement is so imprecise and subjective that he cannot know what is required of him. ■ "It is an essential component of due process that individuals be given fair notice of those acts which may lead to a loss of liberty. [Citations.] This is true whether the loss of liberty arises from a criminal conviction or the revocation of probation. [Citations.] [¶] ' "Fair notice" requires only that a violation be described with a " 'reasonable degree of certainty' " . . . so that "ordinary people can understand what conduct is prohibited." . . . .' " (*In re Robert M., supra,* 163 Cal.App.3d at p. 816, quoting *Burg* v. *Municipal Court* (1983) 35 Cal.3d 257,

---

[4]This court declines to speculate what fundamental right Angel considers is violated by a requirement to maintain satisfactory grades. It is unlikely Angel claims a fundamental right to illiteracy; but Angel only cites a case holding a woman's probation condition prohibiting conception as unconstitutionally overbroad. (*People* v. *Pointer* (1984) 151 Cal.App.3d 1128, 1139 [199 Cal.Rptr. 357].) A woman's constitutional right of privacy encompassing her privilege to bear children is substantially distinguishable from an alleged right not to achieve satisfactory grades.

[5]Angel would apply a strict scrutiny test (least restrictive means), yet an intermediate or low-scrutiny (rationally related) test might properly apply to the alleged violation of his unidentified constitutional right.

270-271 [673 P.2d 732].) ▮ Angel complains the term "satisfactory" is inherently subjective and he cannot know where the line will be drawn, leaving him uncertain of what grades will result in violation of probation and potential loss of liberty at juvenile hall or a youth camp.

Here the term "satisfactory grades" arose from use of a standardized juvenile court form, where the court selects appropriate probation conditions from among a list of 16 restrictions.[6] To resolve the constitutional issue, we find that satisfactory grades means passing grades in each graded subject.[7] This should not be interpreted to limit the power of a court to specify higher grades in this case or any other case. A court may properly, within its section 730 rehabilitative power, evaluate a juvenile's individual ability and, where appropriate, impose conditions of probation requiring achievement of grades higher than "satisfactory."

▮ Angel further contends the requirement to maintain satisfactory grades is beyond his capacity, citing *In re Robert M., supra.* There a court-ordered evaluation found the juvenile had an IQ of 70 and functioned "about five years below his current grade level in all academic areas." (*In re Robert M., supra,* 163 Cal.App.3d at pp. 816-817.) Unlike *Robert M.* where "the uncontradicted evidence show[ed] compliance with that condition [was] beyond Robert's capacity," here Angel recently received passing grades in all subjects except physical education.[8] (*Id.* at p. 816.) Given the definition of satisfactory grades noted above, Angel has demonstrated the capability to fulfill the probation requirement. Moreover, because of the rehabilitative power of the juvenile court, the court is not limited to specifying achievement of past grades. A court may evaluate an individual and require improvement by specifying achievement of improved grades which the court considers are within the juvenile's capacity. There is no evidence to support the contention that Angel is unable to achieve a D or above in all subjects, including physical education.

B. *Vehicle Restriction.**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

[6]Because of the limited record, we do not interpret the intent of the court below. During the disposition hearing the court advised Angel he had to "maintain good grades and good citizenship." Good grades could be interpreted as a higher requirement than satisfactory grades. Since Angel appeals from the probation terms specified on the juvenile court order, we need not resolve this minor ambiguity.

[7]A passing grade is defined as not failing, such as D or above in an A through F grading system.

[8]During the 1989-1990 school year, Angel received: B's in applied reading development and social studies; C's in music and English; a D in math; and an F in physical education.

*See footnote, *ante,* page 1096.

## DISPOSITION

The judgment is modified by striking without prejudice the probation condition limiting vehicle use and permitting further proceedings consistent with this opinion. The phrase "satisfactory grades" shall be defined in accordance with this opinion. As modified, the judgment is affirmed.

Work, J., concurred.

**FROEHLICH, J.,** Concurring and Dissenting.—*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

.

*See footnote, *ante*, page 1096.