Filed 10/28/13  In re D.R. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re D.R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>D.R.,<br><br>        Defendant and Appellant. | A137789<br><br>(Alameda County<br>Super. Ct. No. SJ120201011) |

D.R. appeals a dispositional order entered after the juvenile court sustained a wardship petition under Welfare and Institutions Code section 602.[1]  He contends that the minute order issued after the dispositional hearing improperly included four probation conditions that were not orally pronounced at the hearing, and he further contends that two of those conditions are unconstitutionally vague.  We remand for clarification because, although we cannot be certain based on the record before us, the conditions appear to have been included in the minute order as a result of clerical error.  On remand, if the juvenile court clarifies that it intended to impose these four conditions, two of them must nonetheless be stricken or modified because they are impermissibly vague as they are currently expressed in the minute order.

_____

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

1

# I.
## FACTUAL AND PROCEDURAL BACKGROUND

D.R. was adjudged a ward of the court after the juvenile court sustained an allegation of attempted robbery. (§ 602; Pen. Code, §§ 664, 211.) At the dispositional hearing, the court stated that it had read and considered the probation officer's report filed in anticipation of the hearing. The report recommended informal probation and numerous conditions of probation. The court ordered formal probation but stated that "[i]n every other respect I'm prepared to go along with the recommendations of the probation department." The court declared D.R. a ward of the court under "standard conditions of probation and the following additional conditions." The court then recited 21 probation conditions which are substantially the same as those listed in the probation officer's report.[2]

The hearing's minute order, however, includes the following four probation conditions that were neither orally imposed by the court nor listed in the probation report: "[d]o not frequent any campus other than the school of enrollment"; "[b]e of good citizenship and good conduct"; "be of good behavior and perform well"; and "[d]o not use any name or birthdate other than your true name and birthdate when identifying yourself to a peace officer." The minute order was served on D.R., and he timely appealed.[3]

---

[2] The probation conditions recited by the court and the probation conditions contained in the probation officer's report differ in only two ways: the court reduced the number of weekends D.R. was required to participate in a program of citizenship and work, and the court chose not to impose the recommended probation investigation, probation supervision, and drug testing fees.

[3] While the validity of a probation condition is often put at issue after a defendant's probation is revoked, here there is no indication that D.R. has violated any of his probation conditions.

DISCUSSION

A.      *The Four Challenged Probation Conditions Appear to Be Included*
        *in the Minute Order as a Result of Clerical Error.*

D.R. contends that the four challenged conditions are included in the minute order due to clerical error and must be stricken. Although we agree with him that these conditions appear to have been included in the minute order as a result of a clerical error, we cannot be certain on the record before us. We therefore decline to strike them, and we remand the issue to the juvenile court for clarification of whether it intended to impose them.

In arguing that the conditions must be stricken, D.R. relies on several cases involving discrepancies between an oral pronouncement of judgment and the judgment entered in the record. These cases stand for the proposition that when there is a conflict between a judge's oral pronouncement and a subsequent written order, a presumption arises that the written order contains a clerical error and that the pronouncement controls. (See, e.g., *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [abstract of judgment does not control if different from the trial court's judgment and may not add to or modify the judgment]; *People v. Mesa* (1975) 14 Cal.3d 466, 471, superseded on other grounds as stated in *People v. Turner* (1998) 67 Cal.App.4th 1258, 1267-1268 ["a discrepancy between the judgment as orally pronounced and as entered in the minutes is presumably the result of clerical error"]; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385-386 [clerk's minutes should reflect what occurred at the hearing].)

Here, however, there is not necessarily a conflict between the juvenile court's oral pronouncement and the minute order because it is at least theoretically possible that the court purposely added the four additional conditions when the minute order was issued. Unlike its authority regarding other aspects of sentencing, a trial court retains continuing authority to revoke or modify probation terms. "[A] grant of probation is not part of the judgment that creates vested rights; the court has the authority to revoke, modify or change its order." (*People v. Thrash* (1978) 80 Cal.App.3d 898, 900-901 (*Thrash*); see also *People v. Labarbera* (1949) 89 Cal.App.2d 639, 643.) As a result, courts can change

or add conditions of probation, which "need not be spelled out in great detail in court as long as the defendant knows what they are; to require recital in court is unnecessary in view of the fact the probation conditions are spelled out in detail on the probation order and the probationer has a probation officer who can explain to him the contents of the order." (*Thrash* at pp. 901-902.)

In *Thrash*, the Court of Appeal upheld an order revoking the defendant's probation based on a violation of a probation condition that had not been included in the lower court's original pronouncement of judgment. (*Thrash*, *supra*, 80 Cal.App.3d at pp. 900-902.) The lower court suspended imposition of the defendant's sentence "on condition he serve one year in custody and 'on other conditions set forth in the probation report.' " (*Id.* at p. 900.) Although the probation report did not contain the challenged probation condition, the condition was listed on an amended probation order that the defendant received. (*Ibid.*) The court affirmed the order revoking probation because the defendant knew about the condition, despite the fact that it was not orally imposed nor listed in the report. (*Id.* at pp. 901-902.)

In *In re Frankie J.* (1988) 198 Cal.App.3d 1149 (*Frankie J.*), a juvenile court order revoking probation was similarly upheld after the defendant violated a probation condition that had not been orally imposed. (*Id.* at pp. 1152-1155.) The juvenile court had placed the defendant in a youth center and imposed various conditions of probation including " 'the usual terms and conditions.' " (*Id.* at p. 1152.) Upon his release, the defendant signed a preprinted form titled " 'Terms and Conditions of Probation,' " which included a condition prohibiting the possession of dangerous weapons. (*Ibid.*) The defendant's probation was later revoked when he violated the weapons condition. (*Id.* at p. 1153.) The Court of Appeal rejected the defendant's argument that the weapons condition should have been orally communicated to him in court, stating that "[t]his contention was specifically addressed and rejected in [*Thrash*]." (*Id.* at p. 1155.)

In this case, while it is possible that the conditions were intentionally included in the minute order, it is at least as likely, and perhaps more likely, that they were included as a result of clerical error. Other than the mere presence of the conditions in the minute

4

order, the record lacks any indication that the juvenile court intended to modify its original oral pronouncement by imposing the conditions. In both *Thrash* and *Frankie J.*, it was clear that the challenged conditions were intentionally imposed by the trial court and not the result of clerical error. In *Thrash*, the court issued an amended probation order that contained the new travel restriction. (*Thrash, supra,* 80 Cal.App.3d 898 at p. 900.) In *Frankie J.*, the "usual terms and conditions" imposed by the court at the hearing were specifically enumerated on a preprinted form that the defendant later received. (*Frankie J., supra,* 198 Cal.App.3d at p. 1152.) In this case, such clarity is lacking.

At the dispositional hearing, the court declared D.R. a ward of the court "under the standard conditions of probation *and* the following additional conditions." (Italics added.) It is unclear from the record whether the court's recital of specific conditions was meant to constitute both standard *and* additional conditions, or whether the court specified only "additional conditions" and meant "standard conditions" to refer to some other set of conditions that could possibly include the four conditions contained in the minute order. Neither the minute order nor the probation officer's report distinguishes between "standard" and "additional" conditions. D.R. was not provided a preprinted form listing "standard conditions" of probation nor was such a form attached to the minute order.[4] Other than their presence in the minute order, there is no indication that the challenged conditions were part of a group of "standard conditions" that the court referred to at the hearing and intended to "spell[] out in detail" later. (Cf. *Thrash*, *supra*, 80 Cal.App.3d at

---

[4] The record contains a preprinted form from the Alameda County Probation Department that appears to list probation conditions. The form does not have a title and is grouped in the clerk's transcript with documents ordering D.R.'s mother to pay support to the county. The challenged probation condition instructing D.R. not to frequent any campus other than the school where he was enrolled was listed under the subheading "ADDITIONAL CONDITIONS," and the other three challenged conditions were listed under the subheading "STANDARD HOME." Aside from the minute order itself, this form is the only place in the record where the challenged probation conditions appear. It is not clear when the form was prepared, by whom, or for what purpose. There is no proof of service or any other evidence that D.R. received a copy.

5

p. 901.)  In fact, the juvenile court specifically stated that it was "prepared to go along with the recommendations of the probation department," and the challenged conditions were absent from the probation officer's report.

Still, the juvenile court retained authority to modify the probation conditions, the four conditions were included in the minute order, and D.R. received notice of them. Under these circumstances, we cannot conclusively say that the challenged conditions were imposed as an intentional exercise of the court's authority or simply, and more likely, as the result of clerical error.  Thus, we remand the issue to the juvenile court to clarify whether it intended to impose the conditions.

      B.      *Two of the Challenged Conditions are Unconstitutionally Vague as Currently Expressed in the Minute Order.*

We turn next to D.R.'s contention that two of the challenged probation conditions are impermissibly vague in order to provide guidance if, on remand, the juvenile court concludes that the inclusion of the four conditions in the minute order was not the result of clerical error.  We agree with D.R. that two of the conditions—that D.R. "be of good conduct" and "perform well" at school or work—are unconstitutionally vague as they are currently expressed in the minute order.

Section 730, subdivision (b) authorizes the juvenile court to impose any reasonable probation conditions that enhance the reformation and rehabilitation of a minor.  Although a court has "broad discretion" to fashion conditions of probation, they may still be challenged as vague, and thus facially unconstitutional under the due process clauses of the federal and California Constitutions.  (*In re Josh W.* (1997) 55 Cal.App.4th 1, 5; *In re Sheena K.* (2007) 40 Cal.4th 875, 890; U.S. Const., 5th & 14th Amends.; Cal. Const., art. I, § 7.)  A probation condition is unconstitutionally vague if it is not " ' "sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated." ' [Citation.]  A restriction failing this test does not give adequate notice—'fair warning'—of the conduct proscribed.  [Citations.]" (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)  In determining the adequacy of the notice given, "we are guided by the principles that

6

'abstract legal commands must be applied in a specific context,' and that, although not admitting of 'mathematical certainty,' the language used must have ' "reasonable specificity." ' [Citation.]" (*In re Sheena K.* at p. 890.)

With these principles in mind, we conclude that the two probation conditions here are impermissibly vague. The condition that D.R. "be of good conduct" fails to provide meaningful guidance to D.R. or the court in determining what conduct is prohibited. The phrase lacks reasonable specificity sufficient to inform D.R. what behavior will violate the condition, and the Attorney General has not offered any suggestions as to what the condition actually requires. Rather, she contends that it "merely serves as a convenient label" for the other conditions imposed, such as directives that D.R. obey all laws, obey his mother, attend school and obey school rules, obey curfew, report to the probation officer regularly, seek employment, and refrain from possessing weapons, explosives, and controlled substances. Adding a separate unspecific probation condition to serve as a general catchall for other specific conditions is duplicative and unnecessary, and it provides no additional notice of the behavior being prohibited. The condition instructing D.R. to "be of good conduct" is impermissibly vague and cannot be imposed.

The probation condition requiring D.R. to "perform well" in class or work is also unconstitutionally vague. The phrase "perform well" is simply too imprecise and subjective to give notice of what it requires. (See *In re Angel J.* (1992) 9 Cal.App.4th 1096, 1101.) In *Angel J.*, the Court of Appeal addressed a probation condition requiring that defendant maintain "satisfactory grades." (*Id.* at pp. 1101-1102.) The court held that in order to pass constitutional muster, the term "satisfactory" required a more specific definition. (*Id.* at p. 1102.) The court defined "satisfactory grades" as passing grades in each graded subject (i.e., a D or above in an A through F grading system). (*Ibid.* & fn. 7.)

The term "perform well" is similarly vague, but it is not as easily clarified to avoid a constitutional problem. At school, this directive could encompass more than just grades, such as attendance or participation. The Attorney General contends that the phrase should be construed to mean "perform[ance] at school to the utmost level of [D.R.'s] ability, earning, if possible, passing grades in each class." But it is not apparent

7

how such a construction would apply in the context of a GED program like the one D.R. was attending, which may not use a traditional A-through-F grading system. Moreover, the Attorney General's proposed interpretation provides no guidance as to how D.R. can "perform well" at a job, which also lacks the structure of the grading system used in *In re Angel J.*, *supra*, 9 Cal.App.4th 1096 at page 1102 and footnote 7.

Although this court has the authority to define or modify probation conditions (*In re Sheena K., supra,* 40 Cal.4th at p. 892; *People v. Turner* (2007) 155 Cal.App.4th 1432, 1436; *In re Angel J.*, *supra*, 9 Cal.App.4th at pp. 1102-1103), we decline to exercise this authority here given our uncertainty as to whether the juvenile court intended to impose these conditions in the first place. Moreover, an appropriate modification of the condition is not readily apparent because D.R. is attending a GED program in lieu of traditional schooling. On remand, if the juvenile court determines that imposition of the probation conditions was proper, it must modify them to apply to D.R.'s particular situation and to provide specific notice of the behavior being prohibited.

III.
DISPOSITION

The case is remanded to the juvenile court to clarify whether the four challenged probation conditions were intentionally included in the minute order or were the result of clerical error. The conditions requiring D.R. to "be of good conduct" and "perform well" are unconstitutionally vague and cannot be imposed unless they are modified in a manner consistent with this decision.[5]

---

[5] We previously held that probation conditions requiring defendant to "be of good citizenship and good conduct" and "perform well" at school and work are unconstitutionally vague. (*In re N.B.* (May 21, 2013, A136160) [nonpub. opn.].) To avoid additional appeals, we reiterate our suggestion that, if these conditions are indeed considered "standard conditions" in Alameda County, the juvenile court should see that they are deleted from the forms used by the probation department.

8

_____

Humes, J.


We concur:


_____

Ruvolo, P. J.


_____

Rivera, J.