Filed 3/19/21  In re J.A. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re J.A., a Person Coming Under the Juvenile Court Law. | B303274 |
| THE PEOPLE, Plaintiff and Respondent, v. J.A., Defendant and Appellant. | (Los Angeles County Super. Ct. No. PJ53027) |

APPEAL from an order of the Superior Court of Los Angeles County, Morton Rochman, Judge.  Affirmed in part, vacated in part, and remanded with directions.

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jonathan M. Krauss and Toni R. Johns Estaville, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

In September 2018, after appellant J.A. (then 16 years old) pled no contest to a charge of attempted burglary, the juvenile court declared appellant a ward and placed him home on probation, subject to certain conditions. The court did not then impose any of the four standard conditions at issue on this appeal, viz., conditions 6 (no threats or use of force), 8 (required community service), 14 (no possession of deadly weapons), and 20 (required drug and alcohol testing).[1] In a December 2018 minute order, the court expressly added condition 20.

_____

[1]    The standard probation conditions at issue read as follows:

Condition 6: "You must not unlawfully threaten, hit, fight with, or use physical force on any person."

Condition 8: "You must complete [blank] hours of Community Service."

*(Fn. is continued on the next page.)*

In December 2019, after the court found appellant guilty of a separately charged robbery, the court left in place its September 2018 order placing appellant home on probation, subject to specified modifications. In the only express modification pertinent to this appeal, the court stated, "Add no. 8, 8B. 8B, as in 'boy.' [Appellant] to perform 20 days of JAWS [Juvenile Alternative Work Service]. JAWS, 20 days." When the prosecutor asked whether appellant was "currently" subject to conditions regarding weapons and "force or violence," the court responded, "We have weapon[s] conditions. We have force and violence."[2] On the court's minute order, conditions 6, 8, 14, and 20 were not marked as imposed. The order required appellant to obey all previously imposed conditions.

In this appeal from the court's December 2019 adjudication and disposition order, appellant contends the order is unconstitutionally vague regarding whether he is bound by conditions 6, 8, 14, and 20. He asks us to strike these conditions, or remand to the juvenile court with instructions to issue a single document comprehensively listing all conditions in effect. The People argue that the

---

Condition 14: "You must not have, possess[,] or act like you possess an object you know is a dangerous or deadly weapon. You must not knowingly have or possess a replica gun."

Condition 20: "You must be randomly tested by Probation for Drugs and Alcohol a minimum of [blank] times per month."

[2]  As noted, neither condition had previously been imposed.

3

order provided fair warning of the imposition of conditions 6, 14, and 20, and that it did not impose condition 8.  Appellant agrees there was no error with respect to condition 8 if we find it was not imposed.

We conclude the order is unambiguous in (1) not imposing condition 8 (community service), and (2) requiring appellant to obey condition 20 (drug and alcohol testing), which the court imposed in December 2018 and never removed or changed.  However, we conclude the order is impermissibly vague regarding whether it imposed conditions 6 (no threats or use of force) and 14 (no possession of deadly weapons), in light of the court's erroneous statement during the disposition hearing that these conditions were already in place.  Accordingly, we vacate the order with respect to conditions 6 and 14, and remand to the juvenile court with instructions to clarify whether it intended to impose those conditions.  We otherwise affirm.

## PROCEEDINGS BELOW
### A. *Imposition of Probation Conditions on First Petition*

On August 21, 2018, the People filed a petition under Welfare and Institutions Code section 602, which was later amended to allege, inter alia, that appellant had committed one felony count of attempted burglary of a vehicle (Pen. Code, §§ 459, 664).  Appellant pled no contest to that count (all other counts were dismissed).

4

On September 12, 2018, in a disposition minute order, the juvenile court declared appellant a ward of the court and ordered him placed home on probation, subject to various conditions. On a numbered checklist of standard conditions, the conditions imposed were marked with an "x," while others were not so marked. The court did not mark any of the conditions at issue on this appeal, viz., conditions 6 (no threats or use of force), 8 (required community service), 14 (no possession of deadly weapons), and 20 (required drug and alcohol testing).[3]

On December 12, 2018, in an appearance progress report minute order, the court modified appellant's probation conditions to "add Condition(s) Number 20 (4 times)."

### B. *Modification of Probation Conditions on Second Petition*

On October 1, 2019, the People filed a second petition under Welfare and Institutions Code section 602, alleging that appellant (then 17) had committed one felony count of second degree robbery (Pen. Code, § 211). On October 17, 2019, the probation department submitted a report recommending that appellant remain placed home on

---

[3] In handwritten notations on the copy of the September 2018 minute order in the record, the "20" in condition 20 has been circled, and a "4" has been inserted into the blank space reserved for identifying the minimum monthly frequency of drug and alcohol tests.

5

probation. The report further recommended modifications to appellant's probation conditions, including the addition of conditions 6 (no threats or use of force) and 14 (no possession of deadly weapons). Other recommended conditions included a requirement to complete 25 days of JAWS (condition 8B), a requirement to complete counseling on violence and other matters, and a prohibition against using marijuana or obtaining a marijuana card.

On December 12, 2019, the court held an adjudication hearing. Two employees of a shoe store testified that on September 18, 2019, appellant stole shoes from the store while an accomplice repeatedly punched one of the employees. The court sustained the second petition, finding beyond a reasonable doubt that appellant was guilty of second degree robbery.

The court immediately held a disposition hearing. At the outset, the court informed appellant's counsel that it would follow the probation report's recommendation to leave in effect its previous order placing appellant home on probation. The People asked the court to order appellant placed in camp, but the court denied the request, stating, "[T]he court is going to follow the recommendation as indicated with certain modifications and changes." The court continued, "Modifying as follows: [¶] Add no. 8, 8B. 8B, as in 'boy.' [Appellant] to perform 20 days of JAWS. JAWS, 20 days." The court proceeded to add several other conditions irrelevant to this appeal, without mentioning condition 6 (no threats or use of force) or condition 14 (no

6

possession of deadly weapons).  The prosecutor then asked, "Does he currently have weapons conditions?  And not to use force or violence?"  The court responded, "We have weapon[s] conditions.  We have force and violence."  The court did not state that it was removing or changing condition 20 (drug and alcohol testing).

The court's minute order for the adjudication and disposition hearing set forth an updated list of probation conditions, including condition 8B (20 days of JAWS) and condition 1A, which provided, "You must obey all previous terms and conditions of probation given by any Judge, Commissioner or Referee, unless I have changed the conditions today."  Conditions 6 (force), 8 (community service), 14 (weapons), and 20 (drug and alcohol testing) were not marked as imposed.  Several conditions recommended in the probation report were either not marked as imposed (e.g., the recommended requirement to complete counseling on violence and other matters) or omitted from the minute order entirely (the recommended prohibition against using marijuana or obtaining a marijuana card).

Appellant timely appealed.

## DISCUSSION

Appellant contends the December 2019 adjudication and disposition order is unconstitutionally vague regarding whether he is subject to conditions 6 (no threats or use of force), 8 (required community service), 14 (no possession of

7

deadly weapons), and 20 (required drug and alcohol testing). The vagueness doctrine "derives from the due process concept of fair warning . . . ." (*People v. Hall* (2017) 2 Cal.5th 494, 500.) "To withstand a constitutional challenge on the ground of vagueness, a probation condition must be sufficiently definite to inform the probationer what conduct is required or prohibited, and to enable the court to determine whether the probationer has violated the condition." (*Ibid.*) "'"[N]o more than a reasonable degree of certainty"'" is required. (*Id.* at 503.)

Here, we need not decide whether appellant received fair warning of the imposition of condition 8 because the record unambiguously shows the court never imposed this condition, either orally or in writing. Appellant identifies only one potential source of this condition: the court's statement, "Add no. 8, 8B. 8B, as in 'boy.' [Appellant] to perform 20 days of JAWS. JAWS, 20 days." We agree with the People that on the record before us, this statement unambiguously added only condition 8B (JAWS), not condition 8 (community service). Appellant does not object to this interpretation.

We further conclude appellant received fair warning that he was bound by condition 20, which required appellant to be tested for drugs and alcohol at least four times per month. This condition was expressly added by the December 2018 modification order. The court never stated or implied that it was removing or changing the condition. Although the condition was not marked as imposed on the December

8

2019 adjudication and disposition order, the same order imposed condition 1A, which required appellant to obey all previously imposed conditions. Thus, appellant received fair warning that condition 20 remained binding.

The record is ambiguous, however, as to the imposition of conditions 6 (no threats or use of force) and 14 (no possession of deadly weapons). These conditions were not marked as imposed on any written order, and the court's comments at the hearing did not expressly add them. Rather, the court appeared to believe it had previously done so. In light of the court's expressed belief that appellant was already bound by these conditions, it appears the court thought them warranted. Nevertheless, in the absence of a written or oral order expressly adding these conditions, we must remand to the juvenile court for clarification of the court's intent regarding conditions 6 and 14.[4]

---

[4] Contrary to the People's contention, it is far from clear that by stating it would follow "the recommendation" of the probation department, the court expressed an intent to follow the report's recommendations to add conditions 6 and 14. Indeed, the court departed from several of the report's recommendations. The court required appellant to complete only 20 days of JAWS, instead of the recommended 25, and omitted several recommended probation conditions, including a requirement to complete counseling and a prohibition against using marijuana or obtaining a marijuana card.

The cases on which the People rely are inapposite. (See *In re Frankie J.* (1988) 198 Cal.App.3d 1149, 1154 [rejecting minor's contention that juvenile court improperly delegated authority to *(Fn. is continued on the next page.)*

In sum, the court's disposition order is impermissibly vague only with respect to conditions 6 and 14. We will vacate the order in part and remand to the juvenile court with instructions to issue a new order clarifying whether it intended to impose those conditions. If so, those conditions will have only prospective effect, as appellant has not yet received fair warning that he may be punished for violating their terms, and such warning cannot be provided retroactively.[5]

---

probation officer by imposing unspecified "'usual terms and conditions'" of probation, where minor did not request clarification of court's "short-cut phrase"]; *People v. Thrash* (1978) 80 Cal.App.3d 898, 902 [affirming revocation of defendant's probation for violation of no-travel condition, where defendant did not claim he was unaware condition had been imposed].)

[5] Given appellant's failure to demonstrate any broader error, we deny his request that we instruct the juvenile court to issue a single document comprehensively listing all his probation conditions. In *In re D.H.* (2016) 4 Cal.App.5th 722, the sole authority appellant cites in support of this request, the appellate court neither identified nor purported to establish a rule requiring juvenile courts to issue such documents in all cases. (See *id.* at 726-727.) Rather, the *D.H.* court merely instructed a juvenile court to issue such a document in the course of complying with additional instructions to strike or modify several probation conditions. (*Id.* at 727, 730-731.) Here, we have found no error requiring the striking or modification of any condition.

## DISPOSITION

The December 12, 2019 adjudication and disposition order is vacated with respect to probation conditions 6 and 14, and otherwise affirmed.  The matter is remanded to the juvenile court with instructions to issue a new order clarifying whether the court intended to impose conditions 6 and 14.  If so, those conditions will have only prospective effect.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, P. J.

We concur:

WILLHITE, J.

CURREY, J.

11