Filed 1/23/26  In re Y.H. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| In re Y.H., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>Y.H.,<br><br>Defendant and Appellant. | F089186<br><br>(Super. Ct. No. 24CEJ600593-1)<br><br>**OPINION** |

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Fresno County.  David C. Kalemkarian, Judge.

Arthur L. Bowie, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Eric L. Christoffersen, and Chung Mi Choi, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Detjen, Acting P. J., Peña, J. and Snauffer, J.

Y.H., a minor, admitted to committing a misdemeanor assault with a deadly weapon on a victim. The juvenile court adjudged Y.H. a ward of the court, and placed him in the home of his parent under various terms and conditions, including a probation condition for chemical testing to detect the use of alcohol and drugs. On appeal, Y.H. challenges the chemical testing condition as statutorily prohibited and unconstitutionally overbroad. We affirm.

## PROCEDURAL BACKGROUND

On October 8, 2024, the Fresno County District Attorney filed a juvenile wardship petition pursuant to Welfare and Institutions Code[1] section 602, alleging that Y.H. committed assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1), count 1).

On December 16, 2024, the wardship petition was amended under section 700.3 to reduce count 1 to a misdemeanor assault with a deadly weapon. The same day, Y.H. admitted to the allegations in the amended petition.

On January 8, 2025, the juvenile court adjudged Y.H. a ward of the court, placed under the general supervision of the probation officer, and imposed various probation conditions.[2]

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise noted.

[2] Y.H. was adjudged a ward of the juvenile court and was placed on probation until February 8, 2026. On that date probation will expire. The issue in this case will become moot at the expiration of Y.H.'s probation term. (See *People v. Rish* (2008) 163 Cal.App.4th 1370, 1380 [" '[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief.' "].) However, we exercise our discretion to address Y.H.'s claims. (*In re D.P.* (2023) 14 Cal.5th 266, 283.)

## FACTUAL BACKGROUND[3]

The instant altercation arose from an incident that occurred when the victim "play slapped" Y.H. on October 3, 2024. Y.H. was upset and hit the victim across the face. The victim told Y.H. that they could handle the issue after school.

On October 4, 2024, the victim challenged Y.H. to a fight and followed him after they exited the bus after school. Y.H. and the victim began fighting. Y.H. held a knife with the blade closed. The victim felt Y.H. hitting him in the head with the folded knife. A student took photos and a video of the fight. The video showed Y.H. holding a black and brown colored pocketknife. Y.H. swung his hand with the pocketknife at the victim "side to side in a stabbing motion." The fight was eventually broken up by another student, who was struck in the nose. After the fight, the victim and Y.H. walked away. The victim reported feeling dizzy and his head hurt.

## DISCUSSION

Y.H. contends the probation condition requiring him to submit to "chemical testing" to detect the use of both drugs and alcohol is statutorily prohibited and unconstitutionally overbroad. The People respond that Y.H.'s claims are forfeited for failure to object on the specific grounds now challenged. Reaching the merits, the People maintain the juvenile court properly exercised its discretion when it ordered Y.H. to submit to chemical testing for drugs and alcohol because he is subject to section 730 and the condition was reasonable under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*). We agree with the People.

### A. Additional Background

At the dispositional hearing, Y.H.'s counsel objected to the probation condition regarding chemical testing for substance abuse because Y.H.'s conduct and history did

---

[3] The facts of the underlying offense are taken from the probation report. Y.H. admitted the underlying offense.

not include the consumption of drugs or alcohol.  The court ruled that the alcohol and drug testing condition was appropriate.  It stated, "[w]hether or not [Y.H.] has [a] history of ingesting … alcohol there [is] nothing wrong with the [c]ourt including a condition that he not consume any alcoholic beverage because that would be illegal and there [is] nothing wrong with provisions which make it clear to him that he can't engage in illegal acts … especially substances including alcohol."  There was no further objection.

The juvenile court adjudged Y.H. a ward of the court and temporarily removed him from the custody of his parents, subject to various probation conditions, including the requirement that Y.H. "[s]ubmit to chemical testing to detect the use of narcotics, alcohol, and other controlled substances."  The court also ordered as a condition of probation that Y.H. reside in the home of his parent.

## B.  Y.H. Forfeited His Claims

Failure to object to a probation condition on constitutional or *Lent* grounds in the trial court forfeits the claim on appeal.  (*In re Antonio C.* (2000) 83 Cal.App.4th 1029, 1033; see also *People v. Welch* (1993) 5 Cal.4th 228, 237.)  Strong policy reasons support this rule because it is unfair and inefficient to permit a claim of error on appeal that could have been corrected by the lower court.  (*In re Josue S.* (1999) 72 Cal.App.4th 168, 173 [requiring timely and specific objections to be interposed on juvenile probation conditions].)

For the first time, Y.H. argues that the probation condition requiring him to submit to chemical testing for drugs and alcohol is unconstitutionally overbroad and statutorily prohibited.  Y.H. failed to object specifically on the statutory and constitutional grounds he now challenges.  Y.H. forfeited both claims.

To circumvent forfeiture of his constitutional claim, Y.H. argues that his constitutional overbreadth challenge should be reviewed for the first time on appeal because his claim presents a pure question of law that can be resolved without reference to the record developed in the trial court.  (*In re Justin S.* (2001) 93 Cal.App.4th 811, 815

4.

[holding the forfeiture rule did not extend to constitutional challenges that present " 'pure questions of law' " that can be resolved without reference to the trial court's particular sentencing record].)

This case fails to present circumstances warranting an exception from general forfeiture rules. Y.H.'s claim does not concern a constitutional challenge that presents a pure question of law, particularly because he fails to articulate how the probation condition requiring him to submit to chemical testing to detect the use of drugs or alcohol is unconstitutionally overbroad. Arguments in appellate briefs must be supported by argument and, if possible, by citation to authority. (Cal. Rules of Court, rule 8.204(b).) We will not furnish argument or search the record to ascertain whether there is support for Y.H.'s contentions. (See *Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545–546.) While he argues that the condition is "unconstitutionally overbroad on its face" he does not convey how this is so. (C.f. *In re Sheena K.* (2007) 40 Cal.4th 875, 887–889 [the probation condition prohibiting the minor from associating with " 'anyone disapproved of by probation' " was unconstitutionally vague and overbroad on its face for failure to specify that the minor know which individuals were disapproved of by probation, and thus, the minor was able to sidestep forfeiture of her constitutional claim because it presented a pure question of law].) Indeed, not all constitutional defects regarding probation conditions "may be raised for the first time on appeal, since there may be circumstances that do not present 'pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court.' [Citation.] In those circumstances, '[t]raditional objection and waiver principles encourage development of the record and a proper exercise of discretion in the trial court.' " (*In re Justin S.*, *supra*, 93 Cal.App.4th at p. 815, fn. 2.)

Because Y.H. fails to develop his constitutional argument, we may consider and review the case and record to evaluate the constitutional issues Y.H. now asserts. We reject Y.H.'s argument that his constitutional claim presents a pure question of law.

5.

Although both claims are forfeited, we nonetheless exercise our discretion to reach the merits of Y.H.'s contentions. (See *People v. Williams* (1998) 17 Cal.4th 148, 161–162, fn. 6 [an appellate court has authority to reach a forfeited claim].)

## C. Standard of Review

We review the imposition of probation conditions for abuse of discretion. (*People v. Olguin* (2008) 45 Cal.4th 375, 379.) A court abuses its discretion when the decision is arbitrary, capricious, and exceeds all bounds of reason. (*People v. Carmony* (2004) 33 Cal.4th 367, 377–378.)

Y.H. contends we should review the appeal de novo with respect to the constitutional issues he raises. (*In re J.H.* (2007) 158 Cal.App.4th 174, 183 [de novo review of constitutional issue regarding due process violations in provision of notice to parent in juvenile dependency proceedings].) We disagree. While Y.H. argues in part that the conditions of his probation violate the Fifth and Fourteenth Amendments to the constitution, we do not see this as a constitutional claim requiring de novo review.

Y.H. asks us to review his probation condition to determine whether it is statutorily prohibited and overbroad based on the language of section 729.3. This request is subject to review for abuse of discretion. (*In re P.A.* (2012) 211 Cal.App.4th 23, 33 (*P.A.*); *In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118.)

## D. Chemical Tests for the Presence of Alcohol and Drugs

Y.H. argues that the probation condition requiring him to submit to chemical testing for alcohol and drugs violates section 729.3. He contends the term "chemical testing" conflicts with the statutory language under section 729.3 which only allows for "urine testing" of minors, and he cannot be required to submit to blood, breath, saliva, or hair follicle testing.

Y.H. directs us to section 729.3, which provides: "If a minor is found to be a person described in [s]ection[s] 601 or 602 and the court does not remove the minor from the physical custody of his or her parent or guardian, the court, as a condition of

6.

probation, may require the minor to submit to urine testing upon the request of a peace officer or probation officer for the purpose of determining the presence of alcohol or drugs." Y.H. argues that because the juvenile court found that Y.H. is a person described in section 602 and did not remove him from his parents' physical custody, section 729.3 appears to apply to him.[4] Section 729.3 makes no mention of additional chemical testing for alcohol or drugs. Thus, Y.H. argues that the exclusion of chemical testing in the statute means that the court's order requiring him to submit to chemical testing is unconstitutionally overbroad and prohibited by the statute.

The People maintain the juvenile court may require chemical testing for drugs and alcohol (blood, breath, and urine) under section 730, because section 730 applies to minors who have been adjudged wards of the court under section 602. (§ 730, subd. (a).) When a juvenile offender is placed on probation, section 730 allows the court to "make any and all reasonable orders for the conduct of the ward, including conditions of probation that shall meet all of the following requirements: [¶] (1) The conditions are individually tailored, developmentally appropriate, and reasonable[;] [¶] (2) The burden imposed by the conditions shall be proportional to the legitimate interests served by the conditions[;] [¶] (3) The conditions are determined by the court to be fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (§ 730, subd. (b).) The People argue that section 730 applies to Y.H. and

---

[4] The record shows that Y.H. was adjudged a ward of the court, placed under the general supervision of the probation officer, and temporarily removed from the custody of his parent. The juvenile court ordered that Y.H. reside at the home of his parent. We construe the court's order as Y.H. being placed at home with his parent.

7.

permits the court to impose any reasonable conditions,[5] including any chemical tests for alcohol or drugs.[6]

When, as in this case, a minor is found to be a person described by section 602, has been adjudged a ward of the court, and the court does not remove the minor from the physical custody of his parent, the minor falls under the description of both statutes. (*P.A.*, *supra*, 211 Cal.App.4th at p. 36.) In *P.A.*, the Fourth District Court of Appeal considered the language of sections 729.3 and 730, including the legislative history and intent of section 729.3 to determine whether the juvenile court could impose a probation condition requiring a minor to submit to testing for drugs and alcohol, not limited to urine, for minors that fall under the purview of both statutes. (*Id*. at pp. 36–40.) The court stated, "[i]f, at the time section 729.3 was enacted, the Legislature intended to … limit the court's ability to impose such a condition, it could have done so by amending section 730 or otherwise making clear that blood testing was not permitted. Expressly authorizing urine testing in section 729.3 and saying nothing as to blood or breath testing does not indicate such an intent." (*Id*. at p. 39.) The *P.A.* court held that "[b]ased on the plain language of sections 729.3 and 730 and the legislative history of section 729.3 … the enactment of section 729.3 was not intended to affect the court's discretion under section 730 to impose blood or breath testing as a condition of probation when it is permissible to do so under that statute." (*Id*. at p. 40.)

---

[5] The former section 730 permitted the court to "impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." The People utilized the term "reasonable conditions" from the former statute, which was amended on January 1, 2026. (Stats. 2025, ch. 575, § 9.) The amendments to section 730 are reflected above.

[6] "Section 730 does *not* apply to, and thus does *not* authorize testing the blood of, minors who have not been adjudged wards of the court." (*P.A.*, *supra*, 211 Cal.App.4th at p. 35.) This is not the case here. Because Y.H. has been adjudged a ward of the court, section 730 applies to him.

Y.H. contends that the juvenile court's probation condition requiring him to submit to chemical testing is overbroad because the specific statutory provision under section 729.3, only requiring urine testing, should control. However, the *P.A.* court rejected a similar argument. The court reasoned, "[i]f section 729.3 provided that the court shall not require minors to submit to blood testing, [the minor's] argument would be appropriate. The specific provision (no blood testing) would clearly control over the general provision (court may impose reasonable conditions). Section 729.3, however, does not prohibit blood testing on minors; it merely authorizes urine testing. Moreover, this rule of construction 'is merely an aid in determining legislative intent. It will not be applied so as to defeat legislative intent otherwise determined.' [Citations.] … [I]n enacting section 729.3, the Legislature did not intend to preclude blood testing when it is otherwise permissible under section 730." (*P.A.*, *supra*, 211 Cal.App.4th at p. 40, fn. 14.)

Thus, the juvenile court's discretion under section 730 to impose a probation condition requiring Y.H. to submit to alcohol and drug testing by blood, breath, or urine is not limited by section 729.3. (*P.A.*, *supra*, 211 Cal.App.4th at p. 40.) We reject Y.H.'s argument that the court's order requiring him to submit to "chemical testing" is statutorily prohibited and unconstitutionally overbroad.

Because section 729.3 was not intended to affect the juvenile court's discretion under section 730 to impose blood or breath testing as a condition of probation, we turn to whether the court abused its discretion under section 730 when it ordered Y.H. to submit to chemical testing for both drugs and alcohol.

## E. No Abuse of Discretion in Imposing the Probation Condition

" 'The purposes of juvenile wardship proceedings are twofold: to treat and rehabilitate the delinquent minor, and to protect the public from criminal conduct.' " (*In re Ricardo P.*, *supra*, 7 Cal.5th at p. 1118.) In imposing such conditions, " 'the juvenile court must consider not only the circumstances of the crime but also the minor's entire social history.' " (*In re Frankie J.* (1988) 198 Cal.App.3d 1149, 1153.) A

9.

"juvenile court is vested with broad discretion to select appropriate probation conditions." (*In re Josue S.*, *supra*, 72 Cal.App.4th at p. 173.) "A condition of probation which is impermissible for an adult criminal defendant is not necessarily unreasonable for a juvenile receiving guidance and supervision from the juvenile court." (*In re Todd L.* (1980) 113 Cal.App.3d 14, 19.) Because of this difference, " ' "a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court." ' " (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 889.) Thus, the juvenile court may impose probation conditions that infringe on constitutional rights if the conditions are tailored to meet the needs of the minor. (*In re Abdirahman S.* (1997) 58 Cal.App.4th 963, 969.)

A condition of probation will be considered invalid if it " '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*Lent*, *supra*, 15 Cal.3d at p. 486.) "[A]ll three prongs must be satisfied before a reviewing court will invalidate a probation term." (*People v. Olguin*, *supra*, 45 Cal.4th at p. 379.)

Courts have concluded that chemical testing, including means other than urine testing, such as blood testing, is reasonable under *Lent*. (*P.A.*, *supra*, 211 Cal.App.4th at p. 40.) Probation conditions requiring wards to submit to "random drug testing" (*In re Jimi A.* (1989) 209 Cal.App.3d 482, 487–488) and " 'any tests' " to determine alcohol and drug use have also been upheld under section 730. (*In re Jose R.* (1982) 137 Cal.App.3d 269, 278–280.)

Chemical testing for drug and alcohol use reasonably relates to ensuring Y.H. follows the conditions of probation. (*In re Kacy S.* (1998) 68 Cal.App.4th 704, 711 (*Kacy S.*) [probation conditions involving drug and alcohol testing "advances the rehabilitation of young offenders by seeking to detect alcohol or drug use as a precursor

of criminal activity in order to facilitate intervention at the earliest time"]; see also § 730, subd. (b).) It also relates to conduct which is in itself criminal. (*Kacy S.*, at p. 710.)

Thus, chemical testing for drugs and alcohol serve to both protect the public and rehabilitate the minor. Such testing is reasonable under *Lent*. (*Lent*, *supra*, 15 Cal.3d at p. 486; *Kacy S.*, *supra*, 68 Cal.App.4th at p. 710; accord, *P.A.*, *supra*, 211 Cal.App.4th at pp. 33–34 [a probation condition requiring a minor to submit to chemical testing for drugs and alcohol is within the purview of the juvenile court's discretion under both sections 729.3 and 730].)

Y.H. argues the chemical testing condition violates his constitutional rights. However, he fails to specifically articulate how his constitutional rights are affected, other than the imposition of "chemical testing" is unconstitutionally overbroad in light of section 729.3.[7] We note Y.H. contends the probation condition violates his constitutional rights under the Fifth and Fourteenth Amendments but fails to clarify how his rights are violated. (*People v. Marshall* (1990) 50 Cal.3d 907, 945, fn. 9 ["We reject the point at the threshold as not properly raised: [the] defendant perfunctorily asserts the claim without argument in support."].)

We nonetheless point out that in *Kacy S.*, *supra*, 68 Cal.App.4th at p. 708, the court rejected the minors' claims that the juvenile court abused its discretion in imposing a urine testing probation condition under constitutional grounds including right to privacy, protection from unreasonable searches and seizures, due process of law, and equal protection.

In that case, the minors admitted to being within the provisions of section 602, were not removed from the physical custody of their parents, and were placed on six months' probation subject to various conditions, including that they " 'submit to urine testing to determine the presence of alcohol and illegal drugs in [their] system[s] pursuant

---

**7** Resolution of this argument is addressed *ante*.

to section 729.3.' " (*Kacy S.*, *supra*, 68 Cal.App.4th at pp. 707–708.) The *Kacy S.* court rejected the minors' equal protection argument because minors who remain in the parental home are not similarly situated to those who are removed. (*Id*. at p. 712.) The court found, "[w]hen the minor is allowed to remain in the parental home, the environment in which the delinquency occurred, or possibly was even spawned, the court's ability to shape the influences on the minor is minimized. That lessened ability creates a correspondingly greater need for careful monitoring. Section 729.3 provides a means of doing so." (*Ibid*.)

We agree with the reasoning in *Kacy S.* and apply it to the instant case. The probation condition requiring chemical testing for drugs and alcohol does not violate due process or equal protection.

The juvenile court did not abuse its discretion when it ordered Y.H. to submit to chemical testing to detect the use of both drugs and alcohol.

## DISPOSITION

The judgment is affirmed.