Filed 6/16/16  In re S.K. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re S.K., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> S.K., <br><br> Defendant and Appellant. | A145467 <br><br> (San Francisco City & County Super. Ct. No. JW 13-6367) |

S.K. appeals the trial court's denial of his motion to dismiss a juvenile wardship petition in the interests of justice and the welfare of the minor pursuant to Welfare and Institutions Code[1] section 782.  He argues the trial court abused its discretion in finding he was ineligible for section 782 relief because of the nature of his underlying offense.  S.K. also argues the trial court's findings were not supported by the evidence.  We affirm.

## I.  BACKGROUND

In August 2013, police officers responded to a report of a robbery on a San Francisco MUNI bus.  The victim reported a group of young men entered the bus around 25th Street and Connecticut Street.  One of the men grabbed the victim's cell phone from his hand.  When the victim tried to recover the phone, the rest of the group punched and kicked him and stole his wallet.  Based on MUNI surveillance video, several Instagram

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

photos, and witness statements, the police identified S.K. as a suspect in the robbery. According to the probation department's dispositional report, the surveillance video did not show S.K. assisting in the attack, but did prove he was present.

In October 2013, S.K. was charged by a juvenile wardship petition with first degree robbery. (Pen. Code, § 212.5, subd. (a).) The petition was amended to allege defendant inflicted great bodily injury on the victim, and then amended again to strike this enhancement allegation and reduce the charge to second degree robbery. S.K. admitted to the amended petition in November 2013. At a March 2014, dispositional hearing, the juvenile court placed S.K. on home probation with various terms and conditions.

On June 1, 2015, S.K. moved to dismiss the wardship petition in the interests of justice and welfare of the minor pursuant to section 782. S.K. argued section 782 relief was appropriate because he took responsibility for his actions, paid victim restitution, earned his high school diploma, and was set to graduate from the CityBuild Academy. A probation report filed the same day recommended probation be terminated as successfully completed, since S.K. had been hired with Local 510 and was about to begin apprenticeship classes. The San Francisco District Attorney (DA) opposed the motion. While the DA conceded S.K. complied with the conditions of his probation, he argued "[S.K's] successes are not so extreme as to merit a dismissal of a violent crime such as the one [he] admitted to."

The trial court terminated probation as successfully completed, but denied S.K.'s section 782 motion. At the hearing on the matter, the court stated dismissal of the wardship petition was inappropriate since the underlying offense was listed in section 707, subdivision (b) (hereafter section 707(b)). The court explained: "[T]he legislature is quite serious in that 707(b) offenses, those 29, 30 deadly sins, are so serious, even for minors, provided they're over 14, they've really limited the Court's options." Turning to the merits, the court also found dismissal of the wardship petition was inappropriate, stating: "The Court . . . may . . . dismiss the petition. . . . [¶] One, if the Court finds that the interest of justice and . . . the welfare of the minor requires such

2

dismissal . . . . [¶] [Defense counsel] has discussed some of the potential collateral consequences, as well as [the DA]. The Court does think adjudications are different than convictions. Yes, it can be a strike, but the key is as long as [S.K.] remains a law abiding citizen, it's moot. [¶] Turning to the second prong. [Dismissal is appropriate] [i]f the Court finds the minor is not in need of treatment or rehabilitation. The biggest problem the Court has is the rehabilitation aspect of it. [¶] . . . [¶] . . . [R]ehabilitation does take time. March 2014 until June 2015, for adults, is not a long period of time. Maybe for a minor it is. But I need to see if the current success and sustainability will last over time before I find that he is not in need of rehabilitation."

## II. DISCUSSION

S.K. argues the trial court erred in interpreting section 782 to bar dismissal of any offense listed in section 707(b). He also argues the court incorrectly applied section 782 when it found dismissal was not in the interests of justice and S.K. was still in need of treatment or rehabilitation. We review the trial court's decision to grant or deny a section 782 motion under the abuse of discretion standard. (*V.C. v. Superior Court* (2009) 173 Cal.App.4th 1455, 1469.) We agree with S.K. that the trial court misinterpreted section 782 in holding the statute barred dismissal of section 707(b) offenses. We nevertheless find the trial court did not abuse its discretion, as its other stated reasons for denying the motion were well founded.

Section 782 provides, in relevant part: "A judge of the juvenile court in which a petition was filed may dismiss the petition, or may set aside the findings and dismiss the petition, if the court finds that the interests of justice and the welfare of the person who is the subject of the petition require that dismissal, or if it finds that he or she is not in need of treatment or rehabilitation. The court has jurisdiction to order dismissal or setting aside of the findings and dismissal regardless of whether the person who is the subject of the petition is, at the time of the order, a ward or dependent child of the court." Thus, pursuant to section 782, a court may dismiss a juvenile wardship petition if either of these two conditions are satisfied: (1) the interests of justice and the welfare of the minor require dismissal, or (2) the minor is not in need of treatment or rehabilitation.

3

At the hearing on S.K.'s motion, the trial court found section 782 did not allow for the dismissal of a juvenile wardship petition where the subject of the petition committed an offense enumerated in section 707(b). Section 707(b) lists 30 offenses, including robbery, the offense to which defendant admitted. (§ 707, subd. (b)(3).) Nowhere in section 782 does it state dismissal is inappropriate for wardship petitions alleging offenses listed in section 707(b). Nevertheless, the court read this provision into section 782 because other provisions of the Welfare and Institutions Code, specifically sections 781 and 786, expressly preclude the grant of similar types of relief where a minor commits a section 707(b) offense. Section 781 provides a court may seal the records pertaining to a juvenile wardship petition under certain conditions, but not if the minor committed an offense listed in section 707(b). (§ 781, subd. (a)(1)(A), (D).) Likewise section 786 provides a court may dismiss a wardship petition and seal all records pertaining to the dismissed petition where a minor completes a program of supervision or probation, except where the minor committed a section 707(b) offense when he or she was 14 years of age or older. (§ 786, subds. (a), (d).)

S.K. asserts the trial court erred in its interpretation of section 782. The Attorney General concurs with S.K.'s reading of the statute, but argues reversal is unwarranted because the trial court's other stated reasons for denying the section 782 motion had merit. We agree the trial court's interpretation of section 782 was incorrect. The first step in statutory interpretation is to look to the words of the statute themselves. (*Delaney v. Superior Court* (1990) 50 Cal.3d 785, 798.) "If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature . . . ." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735.) In this case, the language of section 782 is unambiguous. It grants the juvenile court the discretion to dismiss a wardship petition if the interests of justice and the welfare of the minor require dismissal or if the minor is not in need of treatment or rehabilitation. The statute does not make reference to section 707, nor does its language in any way suggest minors who commit certain types of offenses are ineligible for relief. As the trial court indicated, sections 781 and 786 provide for similar types of postadjudication relief, but preclude

4

those who commit 707(b) offenses from obtaining it. This indicates the Legislature intended sections 781 and 786 to apply to a narrower class of offenses than section 782, not that the Legislature intended the limitations of section 781 and 786 to be read into section 782.

If the trial court's sole reason for denying S.K.'s petition was based on its misinterpretation of section 782, we would be inclined to reverse. But the court stated other reasons for its decision. As discussed above, section 782 relief is only available if the trial court finds (1) "the interests of justice and the welfare of the person who is the subject of the petition require that dismissal," or (2) the minor is "not in need of treatment or rehabilitation." (§ 782.) The trial court found neither condition was satisfied here. As to the second condition, the trial court acknowledged S.K. satisfied the terms of his probation, and complimented him on the progress he had made, including earning his high school diploma and graduating from the CityBuild Academy program. However, the court found it was too early to determine whether S.K. would stay on this path: "March 2014 until June 2015, . . . not a long period of time. . . . I need to see if the current success and sustainability will last over time before I find [S.K.] is not in need of rehabilitation."

This was not an abuse of discretion. The Second Appellate District recently endorsed a similar approach in *In re J.W.* (2015) 236 Cal.App.4th 663, an appeal of an order denying a motion to seal juvenile records pursuant to section 781. Similar to section 782, section 781 allows relief if, among other things, "rehabilitation has been attained to the satisfaction of the court." (§ 781, subd. (a)(3).) The court held "an individual's offenses, *especially when committed recently*, may serve as a predictor of future behavior and may suggest in light of all the evidence that rehabilitation has not been reached." (*In re J.W.*, at p. 669, italics added.) Here, S.K. was involved in a violent crime, and his offense was serious enough to be listed in section 707(b). Further, S.K. moved for section 782 relief only 15 months after his dispositional hearing. S.K. argues the trial court issued contradictory orders, as it refused to dismiss the petition while also

5

terminating probation and jurisdiction. But terminating probation did not conclusively establish S.K. was fully rehabilitated.

The other condition for granting section 782 relief is that the court finds the interests of justice and the welfare of the minor require dismissal. At the hearing on the motion, S.K.'s counsel argued dismissal was warranted because the petition would hamper S.K.'s prospects since it would appear on any future background check. Counsel acknowledged S.K. could bring the motion again in the future, but nothing would change except the passage of time. Counsel also argued the adjudication could be used as a strike if S.K. was convicted again in the future. The trial court rejected these arguments, stating: "The Court does think adjudications are different than convictions. Yes, it can be a strike, but the key is as long as he remains a law abiding citizen, it's moot." The court later stated: "[Defense counsel], you ask '*What more can a person do*?' And I wish the legislature or the Courts would come up with a list of certain things and make it easy to check the boxes . . . ." The court then went on to distinguish this action from another case granting section 782 relief where the defendant was a war hero.

On appeal, S.K. argues the court abused its discretion because it could not identify one additional act or omission he could have accomplished while on probation. S.K. further argues the trial court erred because it suggested any adverse consequences of the adjudication would be moot. S.K. asserts the adjudication will appear on background checks, and thus could affect his job prospects and his chances of getting into college. S.K. also contends the adjudication can be used as a strike to enhance a sentence should he be convicted of an offense as an adult. But the fact negative consequences may result if the adjudication is not dismissed does not mean dismissal was in the interests of justice. S.K. was involved in a violent crime, and the trial court could have reasonably concluded it was in the interests of justice for that crime to remain on his record. And the threat of a strike could deter S.K. from engaging in future criminal activity. Moreover, contrary to S.K.'s contentions, the trial court did not hold there was nothing he could do to justify section 782 relief. The court merely stated more time was needed to determine whether S.K. was in fact fully rehabilitated.

## III.  DISPOSITION

The trial court's order denying S.K.'s section 782 motion is affirmed.

_____
Margulies, J.

We concur:


_____
Humes, P.J.


_____
Banke, J.

A145467
*In re S.K.*

8