Filed 5/6/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re J.W., a Person Coming Under the Juvenile Court Law. | B255656 |
| _____ THE PEOPLE, | (Los Angeles County Super. Ct. No. MJ21052) |
| Plaintiff and Respondent, | |
| v. | |
| J.W., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Nancy S. Pogue, Juvenile Court Referee. Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and Robert M. Snider, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant J.W. appeals from the decision of the trial court rejecting his request to seal his juvenile records. He contends that the court erred by considering the seriousness of his offenses and abused its discretion by not finding him rehabilitated. Moreover, appellant argues that the application of section 781, subdivision (a) of the Welfare and Institutions Code violated his right to due process, in that the statute is unconstitutionally vague.[1] We conclude that the court did not err in declining to seal the records of the appellant, and therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant was born in October 1995. His juvenile records consisted of at least 14 incidents. We state only the significant facts. When he was 14 years old, appellant was arrested for petty theft in violation of Penal Code section 488. He was counseled and released. When he was 15 years old, he was arrested for disturbing the peace in violation of Penal Code Section 415. He was counseled and released as well. A couple of months later, on October 2, 2011, he committed three counts of attempted robbery in violation of Penal Code sections 664/211, and one count of battery causing serious bodily injury in violation of Penal Code section 243, subdivision (d). In this incident, appellant and three other individuals took part in an attempted robbery. Appellant and his companions surrounded the victims and demanded that the victims empty their pockets. When one of the victims refused the command, appellant punched him on the left side of his face.[2] For those offenses, he was ordered home on probation for six months. During this time, appellant committed a series of infractions for which he was fined. They are identified as

---

[1] All further undesignated statutory references are to the Welfare and Institutions Code.

[2] At the hearing on appellant's motion to seal, the court discussed the facts of this offense, as taken from the pre-plea probation report. Appellant does not suggest that the facts were incorrectly stated. The Attorney General has requested that we take judicial notice of an appellate brief filed by appellant in case No. B240953 (Nov. 30, 2012 [nonpub. opn.]), in which appellant's counsel sets forth the prosecution's evidence in a nearly identical manner. We grant the request for judicial notice.

"LSMC" violations, which appear to have been traffic related. On appeal, the Attorney General offers no further explanation of these violations. The total amount of fines exceeded $1,000.

Appellant's juvenile probation ended on October 18, 2012. He turned 18 in October 2013. Shortly thereafter, appellant petitioned the court to have his juvenile records sealed pursuant to section 781, subdivision (a). Four days prior to filing the petition, appellant paid $1,066, an amount he believed sufficient to satisfy his outstanding fines. The court initially ordered the records sealed on December 26, 2013. However, the court subsequently received information that appellant had not fully paid his fines and vacated its order. Then the court proceeded to a hearing in order to consider once again whether to seal appellant's juvenile records.[3]

At the hearing, although it appeared that appellant might have been given incorrect information regarding the total amount of his outstanding fines, the court accepted the $1066 as payment in full. During the hearing, appellant presented evidence of his rehabilitation in the form of three letters. Two were from a counselor at Antelope Valley Youth Build. The first indicated that appellant had completed his community service, and the second was a generic letter of recommendation. Finally, a pastor who had mentored appellant for the past 18 months wrote a letter attesting to appellant's good character. Appellant provided proof that he had attended and finished high school, was currently enrolled in a community college class, and wanted to join the United States Air Force. The Air Force recruiter advised appellant to attempt to have his records sealed.

The court weighed the evidence of the rehabilitation proffered by appellant but declined to seal his juvenile records. The court was concerned that appellant's October 2, 2011 attempted robbery/battery offenses were serious and insufficient time had elapsed

---

**3** Section 781, subdivision (a) provides that, once a petition for record sealing is filed, "[t]he court shall notify the district attorney of the county and the county probation officer, if he or she is not the petitioner, and the district attorney or probation officer or any of their deputies or any other person having relevant evidence may testify at the hearing on the petition." The trial court may have concluded that it had acted prematurely in granting the petition prior to hearing.

since the crime.  The court concluded appellant was not yet rehabilitated, but left open the possibility of sealing the records after more time had passed.  Appellant filed a timely notice of appeal.

**DISCUSSION**

1.      *The Complementary Pillars of Juvenile Justice*

The juvenile delinquency system is not concerned merely with punishing juvenile offenders.  Instead, the court is also concerned with rehabilitating them.  (*In re Carl N.* (2008) 160 Cal.App.4th 423, 432-433.)  The purpose of the juvenile court system is set forth in section 202.  "Minors under the jurisdiction of the juvenile court as a consequence of delinquent conduct shall, in conformity with the interests of public safety and protection, receive care, treatment, and guidance that is consistent with their best interest, that holds them accountable for their behavior, and that is appropriate for their circumstances."  (§ 202, subd. (b).)  The minor's rehabilitation and the concomitant protection of public safety are important considerations in the juvenile justice system.  (*In re Carl N.,* at pp. 432-433.)

2.      *The Court's Discretion to Seal Juvenile Records*

Section 781, subdivision (a) grants the court discretion to seal the juvenile's delinquency records unless the juvenile has committed an offense specified under section 707, subdivision (b).  Appellant has not committed any of the enumerated offenses that would render him statutorily ineligible to have his records sealed.  Section 781, subdivision (a) provides that an eligible juvenile offender can "at any time after the person has reached the age of 18 years, petition the court for sealing of the records, including records of arrest, relating to the person's case, in the custody of the juvenile court and probation officer and any other agencies, including law enforcement agencies, and public officials as the petitioner alleges, in his or her petition, to have custody of the records."  Records shall be ordered sealed only "if . . . the court finds that since the

4

termination of jurisdiction [the petitioner] has not been convicted of a felony or of any misdemeanor involving moral turpitude and that rehabilitation has been attained to the satisfaction of the court."[4] (§ 781, subd. (a).) This court reviews the trial court's order for abuse of discretion. (*In re Gina S.* (2005) 133 Cal.App.4th 1074, 1082.)

3. *The Court May Consider the Seriousness of the Offense*

Appellant's principal argument on appeal is that the trial court relied on an improper factor to deny his petition: the seriousness of his offenses. Appellant argues that the seriousness of his offenses should not be considered because the focus in such a hearing should be on the applicant's *rehabilitation*, that is, on his behavior *following* the juvenile adjudication, not on his prior criminal activity.

We agree with appellant that the focus is on the juvenile's rehabilitation but part company with his assertion that the seriousness of the offenses is somehow unrelated to rehabilitation.

First, the language of section 781 suggests the court should consider the seriousness of the juvenile's offenses. If the juvenile has committed an offense enumerated under section 707, subdivision (b), the court *may not* seal the records even if the court concludes the juvenile is otherwise rehabilitated. (See *In re G.Y.* (2015) 234 Cal.App.4th 1196, 1204.) As the statute provides that some offenses are so serious juvenile records must remain open as a matter of law, it would be at odds with the legislative intent for the trial court to be precluded from even considering the seriousness of the offense in determining whether the juvenile has or has not been rehabilitated.

Second, other statutory schemes that require a determination of rehabilitation allow consideration of the seriousness of the offense. We find an analogy to adult parole. Penal Code section 3041, subdivision (b) states that a release date must be set "unless [the Board] determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that

---

**4** There is no suggestion appellant has committed a felony or moral turpitude misdemeanor post termination of probation.

consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting." In effecting Penal Code section 3041 subdivision (b), our Supreme Court held in *In re Lawrence* (2008) 44 Cal.4th 1181, 1221, that the critical determination in a parole decision is whether the inmate presents a *current* risk of danger to society. However, the gravity and seriousness of the commitment offense may be relevant to that determination, particularly when there has not been a lengthy passage of time or other evidence of a change in the inmate's psychological or mental attitude indicating the offense is no longer predictive of current dangerousness. "Indeed, as established in the companion case of *In re Shaputis* [(2008)] 44 Cal.4th 1241, 1259-1261, filed concurrently with this opinion, the Governor does not act arbitrarily or capriciously in reversing a grant of parole when evidence in the record supports the conclusion that the circumstances of the crime continue to be predictive of current dangerousness despite an inmate's discipline-free record during incarceration." (*In re Lawrence*, at p. 1228.) In short, an individual's offenses, especially when committed recently, may serve as a predictor of future behavior and may suggest in light of all the evidence that rehabilitation has not been reached.

Third, we find it helpful to compare the juvenile records sealing statute with the provisions of the Penal Code governing how an adult offender may obtain a certificate of rehabilitation. Penal Code section 4852.03 provides that the period of rehabilitation *must* be for at least five years, with additional time based on the severity of the offenses.[5] Section 4852.1 provides that for the purpose of rehabilitation, the court may "require such testimony as it deems necessary, and the production, for the use of the court . . . of all records and reports relating to the petitioner and the crime of which he was convicted, . . . showing his conduct . . . ." Thus, in determining whether an adult has been statutorily rehabilitated, the Legislature requires that the severity of prior wrongdoings must be taken into account.

---

[5]    We do not intend to imply that a juvenile cannot be found to be rehabilitated until five years have passed since his last offense. We simply note that the statutes regarding adult rehabilitation impose time limits depending on the severity of the offense.

6

As discussed, the principles of juvenile justice address both the potential for rehabilitation and the safety of the community. If in considering whether a juvenile offender is sufficiently rehabilitated, the seriousness of the offense and resulting danger to society, if any, are ignored, the delinquency system is severely compromised.

We find no error in the trial court's consideration of the seriousness of the offense in deciding whether to seal appellant's records.

4. *The Trial Court Did Not Abuse Its Discretion in Finding Appellant Was Not Yet Rehabilitated*

Appellant produced some evidence that he had turned his life around. Appellant had improved his behavior, finished high school, and was taking a class at a community college. We find this admirable. But the trial court was well within its discretion in concluding that the seriousness of the offenses and their recent commission precluded a finding that appellant was rehabilitated. As the trial court acknowledged, the passage of time works in his favor, and if appellant furthers his rehabilitation, he will in the future have the opportunity to ask the trial court to seal his records.

5. *The Court Did Not Violate the Due Process by Refusing to Seal the Juvenile Records*

Appellant next contends he was denied due process because the term "rehabilitation" set forth in section 781 is unconstitutionally vague. A statute is vague if a person of common intelligence must guess the meaning of the statute or its application. (*People v. iMergent, Inc.* (2009) 170 Cal.App.4th 333, 339.) " ' " '[A] statute which either forbids or requires the doing of an act in terms so vague that [persons] of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law.' " ' " (*Ibid.*) The " ' "requirement that government articulate its aims with a reasonable degree of clarity ensures that state power . . . reduces the danger of caprice and discrimination in the administration of the laws, enables individuals to conform their conduct to the requirements of law, and permits

meaningful judicial reviews." ' " (*Ibid.*; quoting *Schweitzer v. Westminster Investment, Inc.* (2007) 157 Cal.App.4th 1195, 1206.)

Appellant contends section 781 is unconstitutional because it leaves the determination of "rehabilitation" to the discretion of the court, without affording appellant with a reasonable means to determine what showing he must make in order to have his records sealed. We reject the argument. "In determining whether a statute is unconstitutionally vague, only a reasonable certainty is required and a statute will be upheld if any reasonable and practical construction can be given to its language." (*In re Mariah T.* (2008) 159 Cal.App.4th 428, 435.) "[A] statute will be deemed sufficiently precise if its meaning can be fairly ascertained by references to similar statutes or other judicial determinations, or to the common law or the dictionary, or if the words have a common and generally accepted meaning." (*Ibid.*) The number of common terms that courts have found not impermissibly vague is as varied as is our law. (See, e.g., *People v. Flores* (2014) 227 Cal.App.4th 1070, 1074-1075 ["unreasonable" in "unreasonable risk of danger to public safety" not unconstitutionally vague]; *In re Mariah T.,* at p. 437 ["serious physical harm" not unconstitutionally vague]; *Katz v. Department of Motor Vehicles* (1973) 32 Cal.App.3d 679 ["good taste and decency" not unconstitutionally vague].)

"Rehabilitation" is a common term, with a generally accepted meaning throughout juvenile and adult offender law. (See, e.g., *In re Victor L.* (2010) 182 Cal.App.4th 902, 910; *In re Angel J.* (1992) 9 Cal.App.4th 1096, 1100.) In *Palacios-Torres v. INS* (7th Cir. 1993) 995 F.2d 96, the United States Court of Appeal expressly concluded that "rehabilitation" was not unconstitutionally vague. In that case, a deportable resident alien sought relief from the order of deportation on the basis that, although he was convicted of drug offenses, he had been rehabilitated. He argued that the Board of Immigration Appeals had not set forth the criteria of rehabilitation, and that, therefore, he was denied "fair notice of the type of evidence he must bring forth in order to demonstrate rehabilitation." (*Id.* at p. 99.) The court disagreed, concluding that rehabilitation is a judgment call, "involving an estimate or prediction of an individual's future conduct."

8

(*Ibid.*)  Numerous facts and circumstances related to the individual and his offenses (including the nature of the crime, repeat offenses, remorse, admission of guilt, credibility, and attempts to live a drug-free life) must be taken into account to make this determination.  The court concluded that "the concept of rehabilitation as applied by the Board [was not] so vague as to deny an applicant notice of the type of evidence relevant to a successful showing."  (*Id.* at p. 100.)  We agree.

We conclude that section 781 is not unconstitutionally vague.  Although the statute provides that sealing will not be ordered unless "rehabilitation has been attained to the satisfaction of the court," the statute is not so vague as to require an applicant to guess as to the showing that must be made.  The term "rehabilitation" is, by its nature, predictive.  An applicant seeking to seal his or her juvenile records must make a showing sufficient to convince the court that criminal behavior is in the past and will not be repeated.  This is a determination based on the totality of the circumstances and individual factors will inevitably vary.  It is the life that the juvenile has lived that will direct the trial court's ruling.  No one is in a better position to explain this rehabilitation than the offender.  Appellant understood what was required of him and attempted to make a sufficient showing.  He submitted letters purporting to show his development into a mature individual and evidence of high school completion and enrollment in college, all in order to show steps he had taken toward a law-abiding lifestyle.  His discussion with an Air Force recruiter reflected a commitment to future plans that did not involve criminal activity.  All of these factors were relevant to the determination of rehabilitation; the trial court simply found that they were insufficient to establish rehabilitation given the short time since appellant's commission of a serious offense.

## DISPOSITION

The order denying appellant's petition to seal his records is affirmed.


                                    RUBIN, J.
WE CONCUR:



        BIGELOW, P. J.



        GRIMES, J.