Filed 9/21/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re N.R., a Person Coming Under the Juvenile Court Law. | 2d. Juv. No. B278221 (Super. Ct. No. MJ23193) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>N.R.,<br><br>    Defendant and Appellant. | |

N.R. appeals the judgment entered after the juvenile court lifted a deferred entry of judgment (DEJ), sustained a delinquency petition against him, declared him a ward of the court, and terminated jurisdiction. (Welf. & Inst. Code,[1] §§ 602, 793, subd. (a).) Appellant contends the court abused its discretion in lifting DEJ based on appellant's decision to discontinue his high school education. He alternatively contends the court abused its discretion in refusing to dismiss the

---

[1] All undesignated statutory references are to the Welfare and Institutions Code.

delinquency petition and order that his records be sealed under either section 793 or section 786.  We find no abuse of discretion and affirm.

## FACTS AND PROCEDURAL HISTORY

In April 2015, a section 602 petition was filed alleging that appellant drove a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a)).[2]  The petition also alleged that appellant, who was then a junior in high school, was failing all of his classes except for Physical Education.  After appellant admitted the allegations of the petition, the court placed him on the Community Detention Program (CDP) so he could "earn[] [the] right to have DEJ imposed as opposed to HOP [home on probation]."

At the June 2015 disposition hearing, appellant's probation officer reported that appellant had fully complied with the terms and conditions of his CDP.  The court terminated the CDP placement, granted DEJ, and placed appellant on one to three years of DEJ probation.  Among other things, appellant's terms of probation required him to attend school every day, maintain at least a grade of C in each class, and "participate in a program to obtain [his] high school diploma or GED."  The court told appellant:  "If you do well within th[e] one-year period[,] when you come back on June 2nd of 2016 you can have this case dismissed and your record sealed as though it was never filed against you."  The matter was continued to September 2015 for a progress hearing.

---

[2] The probation report states that appellant drove his mother's car without her permission after forcibly taking her car keys from her.

At the September 2015 hearing, the probation officer reported that appellant recently began his senior year and was performing satisfactorily on probation. Although his school attendance was deemed satisfactory and his grades had generally improved, he had several unverified absences and tardies. At the hearing, the court told appellant "[y]ou will not be able to continue with this grant of DEJ if you fail to attend school every class, every day, on time. I need you to fundamentally understand that I mean what I say about attending school, and if you fail to attend school every class every day on time I will have no choice but to terminate your grant of DEJ. So when you come back into this court I don't want to see that again. Do you understand?" Appellant replied in the affirmative and the matter was continued to December 2015 for a progress hearing.

At the December 2015 hearing, appellant's probation officer reported that appellant's performance on probation continued to be satisfactory. In the third quarter of his senior year, he earned a C+ in English 9 and had no more unexcused absences or tardies. His transcript indicated that his grade in Algebra 1 was a "Work In Progress." The court told appellant, "I would consider [dismissing the section 602 petition] today if [the restitution] fine were paid and it was the one year date because you have done everything else which is very good, but by law you have to be on [DEJ under section] 790 no less than one year. So because your [*sic*] doing so well I don't believe I need to see [you] before that one-year date, which will be June 2, 2016. If you continue to do well, get that fine paid, I see no reason why that date cannot be the last date we see one another in court."

At the June 2, 2016 hearing, the probation officer reported that appellant's grades and credits in the third quarter of the semester were "unsatisfactory." Appellant had received F's in

3

English 9 and Algebra 1. The court stated: "It appears that although there was some improvement in attendance there was no improvement in his grades. However, I don't believe that this minor should remain on any form of probation. So the court did give a tentative which was as follows: If the minor wanted to stay on DEJ so he can improve his attendance . . . and also his grades, . . . I will give him an opportunity to do that. Or I can lift DEJ today, place him home on probation, terminating jurisdiction today. It would be without an automatic sealing, though, however, he would have the opportunity to return to the court seeking a sealing of his record if he shows better grades than what he has now."

Appellant's attorney pointed out the minor nature of appellant's offense and added, "this kid has made a lot of improvements." The court responded, "That's why I don't think he should be on probation beyond today." Counsel replied: "Well, I'm concerned about the automatic sealing[.] . . . [I]t either should be that he satisfactorily completed 790 and he doesn't need to be supervised anymore, because really isn't the issue whether or not he's likely to reoffend, and I think he's demonstrated that he's not likely to reoffend. . . . [H]e's tested negative for . . . drugs. . . . His grades have improved[.] . . . [H]is [school] attendance and behavior are satisfactory, credits in the third quarter of school semester were unsatisfactory but . . . his current grades and academic credits are in progress. Progress to me means making progress, being better, doing better."

The court stated: "If [appellant] wants time to remain on DEJ to bring back that proof I will give him the opportunity to do that. [¶] . . . [¶] If he wants jurisdiction to terminate today I am willing to do that as well. I am not willing to do it with an automatic sealing for the reasons that have been stated, . . . but

he can always subsequently petition the court to have his record sealed showing that he's made better progress than what he's made thus far in school. Which would he prefer?"

Defense counsel represented that appellant was willing to attend summer school. Based on this representation, the court lifted DEJ and continued the matter until October 4, 2016 for disposition. If appellant could demonstrate at that hearing that each of his grades had sufficiently improved, the court would grant automatic sealing under section 793.

At the October 2016 hearing, the probation officer reported that although appellant's second semester grades in his senior year were satisfactory (he received a C+ in English 9 and a C in Algebra 1), he had dropped out of summer school and "has decided not to pursue his high school education." Appellant was working full-time for a moving company that "does not offer any benefits, except his paycheck." The probation officer "tried to encourage [appellant] to complete his education[] so that[] he can have a career in the future. He is not interested. At this time, his priority is his job." Because appellant was an adult and had "exhausted all juvenile resources," the probation officer recommended that "probation pursuant to section 790/WIC/DEJ and all conditions of probation be dismissed."

At the October 2016 hearing, the court stated, "If we were to keep [appellant] on DEJ the court did give the following tentative, that if [he] wanted to terminate jurisdiction today as I see no reason why this court would need to continue to supervise him, I would lift the grant of 790, declare [him] a ward of the court, impose [an] order of home on probation, waive the obligation to submit to DNA and terminate jurisdiction today."

After replying that appellant accepted the court's tentative ruling, defense counsel "ask[ed] the court to consider a [section]

786 sealing given that [appellant] has essentially done everything this court had asked, the only issue is his schooling, which he's working on, and he is employed. He's . . . contributing to society, . . . [and] it appears as though he's actually gotten a lot from his interaction with probation and in terms of showing the court that he is a responsible person. So I would ask the court to consider that and I'll submit."

The court declined to dismiss appellant's delinquency petition and order that his records be sealed under either section 793 or section 786. The court told appellant: "[Y]ou have elected to put your education down for the purpose of being employed. And while you . . . definitely have the right to make that decision, it's not without consequence. The consequences that we did order would be to attend school every class, every day, on time. You are required to do that in order to be found in completion of your grant of 790. You made the decision not to. I understand and while the consequences that you no longer have the ability to successfully complete the grant of DEJ, the court . . . do[es] not believe that we need to continue to supervise you. If you want the benefit of having your record still sealed, although I will not do it under 786 today, you still have an opportunity to later petition the court under Welfare and Institutions Code section 781. We just . . . need to have proof that you have obtained your high school diploma or GED [General Education Development exam] before I seal your record." After appellant expressed that he understood this, the court ordered that the previously lifted DEJ remain lifted, sustained the section 602 petition, declared appellant a ward pursuant to the previously imposed terms, and terminated jurisdiction.

# DISCUSSION
## *Sections 793 and 786*

Appellant contends the court abused its discretion in refusing to dismiss the section 602 petition and seal his records pursuant to either section 793 or section 786. He faults the court for lifting DEJ based on his failure to maintain satisfactory grades and continue working toward completing his high school education. He asserts (1) "it is not rational to punish [him] for failing to improve his employability by severely reducing his employability"; (2) the court's ruling "violates the spirit of the law"; and (3) there is no evidence that he willfully failed to comply with the term and condition requiring him to maintain his grades. In a supplemental brief, he contends that *In re A.V.* (2017) 11 Cal.App.5th 697 (*A.V.*)—which was issued after his opening brief was filed—compels us to conclude the juvenile court abused its decision in declining to dismiss the delinquency petition pursuant to section 786 and order that the records thereof be sealed in accordance with that statute. We conclude the court did not abuse its discretion either in lifting DEJ pursuant to section 793, or in declining to dismiss the petition and seal the records thereof pursuant to either section 793 or section 786.

Appellant's contentions largely conflate sections 793 and 786. Although the two statutes are similar, they each embody a different procedure. Section 793 is part of the DEJ program, which was enacted in 2000 as part of Proposition 21. The DEJ program postpones judgment for an eligible minor who admits the allegations of a section 602 petition and waives time for entry of judgment. The minor is placed on formal probation with terms and conditions for a period of 12 to 36 months. (§§ 791, subd. (a)(3), 794.) Upon successful completion of the terms of

7

probation, as defined in section 794, the positive recommendation of the probation department, and the motion of the prosecuting attorney, the court dismisses the charge or charges against the minor. (§§ 791, subd. (a)(3), 793, subd. (c).) In that circumstance, "the arrest upon which the judgment was deferred shall be deemed never to have occurred and any records in the possession of the juvenile court shall be sealed." (§ 793, subd. (c).) If the minor fails to comply with the terms of his probation, "the court shall lift the [DEJ] and schedule a dispositional hearing." (*Id.*, subd. (a); § 791, subd. (a)(4).) Juvenile court determinations whether a minor is entitled to DEJ are reviewed for an abuse of discretion. (*In re Sergio R.* (2003) 106 Cal.App.4th 597, 607.)

Section 786, which was added to the Welfare and Institutions Code in 2014, provides an alternative procedure for dismissing juvenile delinquency petitions and sealing the related records. As relevant here, section 786 applies when a ward "satisfactorily completes . . . a term of probation for any offense." (§ 786, subd. (a).) Upon such a finding, the court dismisses the petition and orders that all records pertaining to the dismissed petition be sealed. (*Ibid.*) After the petition has been dismissed, "the arrest and other proceedings in the case shall be deemed not to have occurred and the person who was the subject of the petition may reply accordingly to an inquiry by employers, educational institutions, or other persons or entities regarding the arrest and proceedings in the case." (*Id.*, subd. (b).) For purposes of section 786, as relevant here, "satisfactory completion of . . . [a] term of probation . . . shall be deemed to have occurred if the person . . . has not failed to substantially comply with the reasonable orders of . . . probation that are within his or her capacity to perform." (*Id.*, subd. (c)(1).) As with section 793, the court's decision whether a ward is entitled to have his records

sealed under section 786 is reviewed for an abuse of discretion. (*A.V.*, *supra*, 11 Cal.App.5th at p. 711.)

Appellant does not dispute that the court could require him to attend school and maintain passing grades in his classes as a condition of his DEJ.  (See *In re Angel J.* (1992) 9 Cal.App.4th 1096, 1102, fn. 7; see also § 794 [providing that as a condition of DEJ probation "[t]he judge shall also, when appropriate, require the minor to periodically establish compliance with . . . school attendance requirements"].)  He nevertheless contends that the court's reliance upon his failure to comply with this condition as a basis for lifting DEJ "is unusually counterproductive" because the purpose of the condition is to "enhanc[e] [his] ability to maintain prospective employment" and thus reduce the likelihood of recidivism.  (*In re Angel J.*, at p. 1101.)  According to appellant, the court's decision "punishes [him] for his failure to improve employability through education by reducing his employability through forcing him to either lie or disclose his record."  But the court's decision is not "punishment."  It is a fully anticipated consequence of appellant's willful failure to comply with the terms of his probation.  Moreover, it is not "counterproductive." On the contrary, it creates a continuing incentive for appellant to complete his education.

Appellant's claim that the court's decision to lift DEJ "violates the spirit of the law" is equally unavailing.  Among other things, he equates a minor who has "satisfactorily completed" a term of probation under section 786 with a minor who "has performed satisfactorily during the period in which [DEJ] was granted" under section 793.  Even assuming that the two are substantially the same, the court did not abuse its discretion in lifting DEJ as a result of appellant's decision to abandon his education.  "There is a 'well known correlation

9

between education and the crime rate.' [Citations.] Performance in school is reasonably related to future criminality, both by deterring current delinquency, and by enhancing the ability to maintain prospective employment or to continue in advanced education upon graduation. A court may reasonably conclude a juvenile, without an adequate education, is more likely to resort to criminal activities." (*In re Angel J.*, *supra*, 9 Cal.App.4th at pp. 1100-1101.) Because appellant made a deliberate choice to drop out of school, and in light of the correlation between education and future criminality, the court reasonably found he had not substantially complied with the terms of his probation such that he was ineligible for a dismissal and sealing under either section 793 or section 786.[3]

Appellant fares no better in claiming there was no evidence that he willfully failed to comply with the condition that he maintain satisfactory grades. This claim involves an issue of fact rather than a pure question of law, and was thus forfeited by appellant's failure to raise it below. (*In re Sheena K.* (2007) 40 Cal.4th 875, 889.) In any event, there is nothing to indicate appellant was incapable of complying with the condition that he maintain satisfactory grades. In the second semester of his senior year, he earned a C+ in English 9 and a C in Algebra 1. Moreover, the record reflects that he made a conscious choice to

---

[3] For the first time on appeal, appellant invokes the "noscitur a sociis" rule of statutory construction—i.e., the rule that a word or phrase may be defined by the words and phrases that accompany it (see, e.g., *People v. Hernandez* (2017) 10 Cal.App.5th 192, 200)—as a basis for concluding that the court abused its discretion in lifting DEJ based on appellant's failure to stay in school and maintain his grades. The claim lacks merit.

quit school. The court characterized that action as appellant's "choice" and "decision" and he did not object. Because there is no support for a finding that appellant's failure to maintain his grades and complete his high school education was other than willful, the court's reliance on that failure as a basis for lifting DEJ was not an abuse of discretion.

## A.V.

In a supplemental brief, appellant contends the recent decision in *A.V.*, *supra*, 11 Cal.App.5th 697, compels a conclusion that the juvenile court abused its discretion in declining to order that the records relating to his section 602 petition be sealed pursuant to section 786. The case is inapposite.

In *A.V.,* the minor (A.V.) was placed on DEJ probation after he admitted the allegations of a section 602 petition. The juvenile court subsequently lifted DEJ, imposed judgment, declared A.V. a ward of the court, and placed him on probation with terms and conditions. (*A.V.*, *supra*, 11 Cal.App.5th at p. 702.) Following two violations and reinstatements of probation, A.V.'s probation officer recommended that the petition be dismissed because A.V. had "'completed all of his Court ordered obligations, has continued to submit chemical tests negative for intoxicating substances, and is now actively employed.'" (*Id.* at p. 704.) A.V.'s attorney asked the court to dismiss the petition and order the sealing of A.V.'s records. (*Ibid.*) The court dismissed the petition, but declined to order sealing. The court credited the prosecutor's assertion that A.V. had not "substantially complied" with the terms of his probation, as contemplated in section 786, because a prior grant of DEJ had been lifted and he had sustained two probation violations. The court advised A.V. that "'as soon as you turn 18, you can petition

11

the Court under [section] 781 to have this record sealed. It's not the automatic sealing under [section] 786. . . .'" (*A.V.*, at p. 704.)

The Court of Appeal reversed and remanded with directions that the juvenile court dismiss the petition and order that all records pertaining to the petition be sealed pursuant to subdivision (a) of section 786. (*A.V.*, *supra*, 11 Cal.App.5th at p. 712.) The appellate court concluded that that "if A.V.'s performance was good enough to warrant dismissal of the petition, it was good enough to warrant the sealing of the petition." (*Id.* at p. 711.) The court also recognized that "section 786 requires only 'satisfactory completion' with probation and, to underscore the point, specifically defines 'satisfactory completion' as 'substantial[] compl[iance]'. (§ 786, subd. (c)(1).) Substantial compliance is not perfect compliance." (*Id.* at p. 709.) The court made clear, however, that "[b]y reaching [our] conclusion, we do not restrict the court's discretion to find, or not to find, that a ward before the court has satisfactorily completed his or her probation. We hold only that, whichever way the juvenile court exercises its discretion, it applies to dismissing *and* sealing the petition." (*Id.* at p. 711.)

Here, the juvenile court did not dismiss appellant's section 602 petition; on the contrary, it expressly declined to do so. In *A.V.*, "the court dismissed the petition based on its implicit conclusion that A.V.'s performance on probation, while not perfect, was sufficient to justify the court exercise of discretion in A.V.'s favor." (*A.V.*, *supra*, 11 Cal.App.5th at p. 711.) No such discretion was exercised here. Although the court terminated jurisdiction, that action cannot reasonably be construed as an implicit finding that appellant had "substantially complied" with the terms of his probation for purposes of section 786. Rather, the court made clear its conclusion that appellant had *not*

12

satisfactorily completed probation.  In terminating jurisdiction, the court merely recognized there was no reason to continue supervising appellant given that he had turned 19 years old and was adamant in his decision to quit school.

Contrary to appellant's assertion, the "similarities" between the facts of this case and *A.V.* do not aid his position. The abuse of discretion standard is not particularly susceptible to case-specific factual comparisons.  The issue here is not whether a grant of relief under section 786 would have been a proper exercise of discretion, but rather whether the denial of such relief was an abuse of discretion.  Nothing in *A.V.* undermines our conclusion that there was no abuse of discretion here.[4]

---

[4] Although the court did not err in declining to order that appellant's records be sealed under section 793 or section 786, it erred in suggesting that appellant will never be able to succeed in having his records sealed under section 781 unless he obtains his high school diploma or GED.  Subdivision (a)(1)(A) of section 781 provides in relevant part that a person who has been the subject of a section 602 petition may, at any time after he or she has reached the age of 18, petition the juvenile court for sealing of the records related to the case.  The court "shall order" that the records be sealed "[i]f, after hearing, the court finds that since the termination of jurisdiction . . . [the petitioner] has not been convicted of a felony or of any misdemeanor involving moral turpitude and that rehabilitation has been attained to the satisfaction of the court."  (§ 781, subd. (a)(1)(A).)  To establish "rehabilitation," the petitioner "must make a showing sufficient to convince the court that criminal behavior is in the past and will not be repeated.  This is a determination based on the totality of the circumstances and individual factors will inevitably vary."  (*In re J.W.* (2015) 236 Cal.App.4th 663, 671-672.)  Here, the court reasonably concluded that appellant's decision to drop out of school—in violation of his probation—

## DISPOSITION

The judgment is affirmed.

<u>CERTIFIED FOR PUBLICATION.</u>


PERREN, J.


We concur:



YEGAN, Acting P. J.



TANGEMAN, J.

---

reflected a *current* lack of rehabilitation. It would appear manifest, however, that this factor will not necessarily preclude a finding of rehabilitation at some point in the future.

Denise McLaughlin-Bennett, Judge
Superior Court County of Los Angeles

_____


Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Xavier Becerra, Attorneys General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General,  and Analee J. Brodie, Deputy Attorney General, for Plaintiff and Respondent.