Filed 11/15/24  In re D.G. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re D.G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>D.G.,<br><br>        Defendant and Appellant. | F087485<br><br>(Super. Ct. No. JJD073692)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Sara Bratsch, Judge.

Candice L. Christensen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Poochigian, Acting P. J., Meehan, J. and Snauffer, J.

Minor, D.G., was charged with first degree residential burglary and possession of an alcoholic beverage. Minor admitted the petition and was granted deferred entry of judgment (DEJ). After approximately two years, the juvenile court found that minor was not in compliance with the terms and conditions of DEJ. The court terminated DEJ, declared minor a ward of the court, terminated probation, and vacated wardship. On appeal, minor argues that the court erred by terminating DEJ before ordering a probation report and holding a disposition hearing. The People agree that the court erred, but argue that minor suffered no prejudice. We affirm.

## PROCEDURAL HISTORY AND BACKGROUND

On September 23, 2021, the Tulare County District Attorney filed an amended juvenile wardship petition (Welf. & Inst. Code, § 602, subd. (a)),[1] charging minor with first degree residential burglary (Pen. Code, § 459; count 1); and possession of an alcoholic beverage by a minor (Bus. & Prof. Code, § 25662, subd. (a); count 2).

On October 6, 2021, minor admitted the petition contingent upon being granted DEJ pursuant to section 790 et seq., and the juvenile court referred the matter to probation for a disposition report. On December 9, 2021, probation filed a DEJ report, recommending that DEJ be granted.

On December 15, 2021, the juvenile court granted DEJ. Minor was ordered to, inter alia, attend school regularly; not use or possess alcohol; not use or possess marijuana; participate in alcohol and other drug counseling; perform 80 hours of community service; and pay victim restitution in the amount of $7,741.85.

On February 18, 2022, the Tulare County District Attorney filed a second subsequent amended wardship petition, charging minor with public intoxication (Pen. Code, § 647, subd. (f); count 1); resisting, delaying, or obstructing a peace officer

---

[1]     All further statutory references are to the Welfare and Institutions Code except as otherwise indicated.

2.

(Pen. Code, § 148, subd. (a)(1); counts 2 & 6); tampering with a vehicle (Veh. Code, § 10852; count 3); and petty theft (Pen. Code, § 484, subd. (a); counts 4 & 5).

On March 30, 2022, minor admitted the allegations in the second subsequent amended petition and noncompliance with the terms and conditions of DEJ. The juvenile court granted DEJ on the new charges and reinstated DEJ on the prior charges. The court also admonished minor about complying with the terms and conditions of DEJ.

On April 4, 2022, the Tulare County District Attorney filed another subsequent wardship petition. Minor denied the allegations. On February 8, 2023, this wardship petition was dismissed at the prosecution's request. The juvenile court ordered that the record related to this petition be sealed. The court also ordered minor to remain on DEJ in relation to the two prior petitions and to complete the terms and conditions.

On June 13, 2023, probation filed a memorandum stating that minor was in partial compliance with the terms and conditions of DEJ and recommending that DEJ continue. On July 5, 2023, the juvenile court found that minor was in partial compliance and allowed DEJ to continue.

On September 18, 2023, probation filed a memorandum recommending that DEJ be terminated because minor was not in compliance with the terms and conditions of DEJ. On September 20, 2023, minor requested more time to complete DEJ. The juvenile court found minor was not in compliance, and it expressed concerns. However, it allowed minor to remain on DEJ. The court informed minor that at the next hearing he must provide proof of school enrollment, community service, and participation in drug and alcohol counseling.

On October 3, 2023, probation filed a memorandum recommending that minor be found in partial compliance and that DEJ be extended one last time so minor could comply with the terms and conditions. On October 4, 2023, the juvenile court found that minor was in partial compliance, and again expressed concerns. However, the court gave minor another opportunity to comply.

3.

On January 11, 2024, probation filed a memorandum recommending that DEJ be terminated because minor was not in compliance with the terms and conditions of DEJ. According to the memorandum, minor last attended school on October 10, 2023; minor attended only five out of 32 alcohol and drug counseling sessions; minor admitted to smoking marijuana on or about December 16, 2023; minor failed to complete 80 hours of community service; and minor failed to pay restitution. Additionally, the memorandum stated that minor "is now of adult age and is not amenable to [p]robation's [y]outh [s]ervices." The memorandum also noted that minor stated he was the victim of a stabbing on October 18, 2023, and that law enforcement had confiscated his phone and community service log as evidence.

On January 17, 2024, the juvenile court held a review hearing. At the hearing, minor's counsel requested that DEJ be extended because he was making progress but was the victim of a stabbing. The court initially stated that, because minor was not in compliance, it would terminate DEJ and refer the matter to probation to prepare a disposition report. However, probation requested that the case be "dismissed as unsat," and the court stated, "That will be the order of the [c]ourt." Minor's counsel responded, "We are requesting that at least we get a recommendation from probation to make that determination." The court did not specifically rule on this request. Instead, the court terminated DEJ based on minor's noncompliance, declared minor a ward of the court, terminated probation, and vacated wardship.

On January 18, 2024, minor timely filed a notice of appeal.

4.

# DISCUSSION[2]

Minor argues that the trial court erred by terminating DEJ based on his noncompliance before ordering a probation report and holding a disposition hearing.[3] This argument is not persuasive.

"The DEJ program postpones judgment for an eligible minor who admits the allegations of a section 602 petition and waives time for entry of judgment. The minor is placed on formal probation with terms and conditions for a period of 12 to 36 months. [Citations.] Upon successful completion of the terms of probation, as defined in section 794, the positive recommendation of the probation department, and the motion of the prosecuting attorney, the court dismisses the charge or charges against the minor. [Citations.] In that circumstance, 'the arrest upon which the judgment was deferred shall be deemed never to have occurred and any records in the possession of the juvenile court shall be sealed.' [Citation.] If the minor fails to comply with the terms of his probation, 'the court shall lift [DEJ] and schedule a dispositional hearing.' " (*In re N.R.* (2017) 15 Cal.App.5th 590, 596; see also *In re Mario C.* (2004) 124 Cal.App.4th 1303, 1308 ["If the minor fails to perform satisfactorily, the court may 'lift [DEJ],' impose the 'judgment previously deferred,' and make an appropriate dispositional order"]; § 793, subd. (a) ["If it appears to the prosecuting attorney, the court, or the probation department that the minor is not performing satisfactorily in the assigned program or is not complying with the terms of the minor's probation, or that the minor is not benefiting from education,

---

[2]   Because the facts underlying the offenses are not relevant to the sentencing issue before us, we omit a summary of those facts. The relevant facts are included in the Procedural History and Background section, *ante*.

[3]   The People argue that minor forfeited his claim that the juvenile court abused its discretion by relying on probation's January 11, 2024 memorandum because that memorandum contained incorrect and incomplete information. However, minor's only claim of error is that the court erred by terminating DEJ before ordering a probation report and holding a disposition hearing.

5.

treatment, or rehabilitation, the court shall lift [DEJ] and schedule a dispositional hearing."].)

Thus, according to the express terms of section 793 and as described by the court in *In re N.R.*, *supra*, 15 Cal.App.5th at page 596, the juvenile court is supposed to lift DEJ before holding a disposition hearing. (See also *In re Mario C.*, *supra*, 124 Cal.App.4th at p. 1308, fn. 1 ["[T]he juvenile deferral statutes use the term 'judgment' to refer to an event preceding the disposition hearing."] And this is precisely what the court did here. After giving minor a chance to respond to the allegation that he was not in compliance with the terms and conditions of DEJ, the court reasonably found that minor was not in compliance and lifted DEJ. The court was not required to direct probation to prepare a social study or hold the disposition hearing prior to lifting DEJ.

As to whether the juvenile court was required to order a probation report, probation was required to "prepare a report on those matters relevant to a determination of whether the child has violated a condition of probation" at least 48 hours in advance of the hearing. (Cal. Rules of Court, rule 5.580(d).)[4] However, probation did so. On January 11, 2024, approximately six days before the final hearing, probation filed the required report. This report included facts related to minor's compliance with the terms and conditions of DEJ. Moreover, the court considered this report, as required by rule 5.580(e). Thus, both probation and the court complied with rule 5.580.

Therefore, the juvenile court did not err by lifting DEJ before ordering a probation report and holding a disposition hearing, and minor's argument fails.[5]

---

[4]     All further rule references are to the California Rules of Court.

[5]     The juvenile court did err by entering a disposition order prior to ordering probation to prepare and file a current social study. (*In re A.M.* (2020) 53 Cal.App.5th 824, 834 ["Before a disposition order may be entered in juvenile delinquency proceedings, the probation officer must submit to the juvenile court a social study of the minor"]; *In re Deon W.* (1998) 64 Cal.App.4th 143, 147 [a minor is entitled "to have a current social study prepared for the [disposition] hearing"].) However, minor does not bring a claim based on this error. Moreover, minor does not allege any prejudice based

6.

**<u>DISPOSITION</u>**

The juvenile court's order of January 17, 2024, is affirmed.

---

on this error.  The prejudice alleged by minor stems from the termination of DEJ, but as discussed *ante*, the juvenile terminated DEJ in compliance with the applicable procedures.

Moreover, contrary to minor's assertion, there is substantial evidence that minor deliberately failed to comply with DEJ, including that minor used marijuana repeatedly (most recently less than a month before the final review hearing) and that minor only completed five of 32 alcohol and drug counseling sessions, even though he had been on DEJ for over two years.