Filed 8/28/25  In re N.H. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re N.H., a Person Coming Under the Juvenile Court Law. | C101645 |
| THE PEOPLE, | (Super. Ct. No. JV142097) |
| Plaintiff and Respondent, | |
| v. | |
| N.H., | |
| Defendant and Appellant. | |

After minor N.H. admitted to committing simple battery, the juvenile court placed him on probation without adjudging him a ward of the court.  Fourteen months later, the juvenile court found that minor failed to comply with a probation condition and ordered wardship.

On appeal, minor contends the juvenile court's "failure to comply" finding was an abuse of discretion.  But whether minor failed to comply with a probation condition is a factual finding we review for substantial evidence, not abuse of discretion.  Because

1

substantial evidence supports the finding, we affirm the juvenile court's order. Undesignated statutory references are to the Welfare and Institutions Code.

FACTUAL AND PROCEDURAL BACKGROUND

The People filed a section 602 petition alleging that minor committed a single count of sexual battery (Pen. Code, § 243.4, subd. (e)(1)) but later reduced the count to simple battery (Pen. Code, § 242).  After minor admitted the reduced count, the juvenile court placed him on six months' probation under section 725, subdivision (a) (section 725(a)).  Among other requirements, the probation terms required minor to "enroll in and successfully complete counseling to address sexual boundaries awareness."  To complete that counseling, minor was referred to a private agency that offered a program consisting of 24 counseling sessions over a six-month period (the program).

Although minor's first progress report was positive, problems appeared in the next report.  Specifically, in October 2023, the agency's counselor (first counselor) reported that although minor was participating and engaged in the material, he sometimes had trouble comprehending it, was two chapters behind, and had about 20 weeks left of material still to cover, according to the curriculum (the October 2023 report).

At the end of the six-month probation period, the court held a section 725(a) compliance review hearing and discussed the October 2023 report.  Minor's counsel noted that minor had completed 18 counseling sessions and questioned how minor could have 20 weeks left in the program.  Pointing to minor's learning disability, minor's counsel argued that minor had substantially complied with the program by doing what was reasonable and within his capacity and requested that minor's probation be terminated.  The prosecution countered that it was "really important" for minor to complete the program, "not just halfway," so that "this sort of incident doesn't happen again"  and requested that minor be adjudged a ward of the court.  The juvenile court found that although the minor had made his best efforts to comply, the main goal was rehabilitation and minor's partial completion of the program would not "lead to his full

2

rehabilitation in a case involving sex crimes." Acknowledging minor's learning disability and the court's obligation to provide reasonable accommodations for disabilities, the court extended minor's probation by 20 weeks to April 2024.

Thirteen weeks later, the next progress report indicated continued problems. First counselor reported that minor was (1) "often talkative, [with] off treatment topics," (2) "express[ed] his grievances regarding his mandated participation in the program," and (3) would lie down on the sofa and not independently open his workbook. She projected it would take minor another 11 weeks to complete the program. Because of this report, the juvenile court expressed concerned "about [minor's] ability to get [his] counseling done in time." It noted its previous extension and advised minor he may be put on formal probation if he did not complete the program before the next progress report.

Things improved over the next nine weeks. In early April 2024, first counselor reported that minor was coming to recent sessions ready to work without the need for redirection. Minor had finished all the workbooks, would be starting his final project and was projected to complete the program by the end of May.

Three weeks later, first counselor's supervisor (supervisor) reported that minor "ha[d] consistently been a challenge to the point where [first counselor was] no longer going to be working with [him]. Each counseling session[,] . . . minor gives the bare minimum and is never engaged in any of the sessions." As a result, minor would be placed with a second counselor at a different agency.

At the next section 725(a) compliance review hearing, the court adjudged minor a ward of the court but later rescinded that order and granted minor's request for a contested evidentiary hearing.

At the evidentiary hearing, supervisor and first counselor described the program as beginning with an intake process, proceeding through four workbooks, and culminating with a final assignment called the good lives plan (final assignment). Supervisor testified that minor's problems in the program began at intake because minor answered

3

assessment questions inconsistently and untruthfully, making it hard to develop a treatment plan. First counselor noticed problems after the first counseling session. Specifically, minor "was unmotivated . . . [and] distracted. He did not want to be . . . in the program, and he quoted that." He felt that some of the workbook scenarios suggested he was in the wrong, and those scenarios offended him because he "did not do it" and "should not be here." Also, minor needed redirection in approximately half of the sessions, had been verbally disrespectful to the program three times, and had to submit his final assignment three times. Supervisor confirmed these were consistent issues while minor was in the program and added that minor's efforts on the workbooks were deficient.

Minor's problems with the program came to a head in April 2024. As part of his final assignment, minor was asked to identify how he would meet his sexual needs. Minor responded that he would wait for a wife, and if obstacles arose, he would leave it in "God's hand[s]." According to first counselor, this response was unrealistic and uncharacteristic of minor. Supervisor also reviewed the response and wanted minor to explain what this would look like. When asked to revise the answer, minor refused, demanded that first counselor "tell [him] what to put so [he could] get out of [the] program," proclaimed he learned nothing from the program, and "got really upset." According to supervisor, minor could be heard raising his voice from down the hall. Also, in supervisor's view, minor's entire final assignment was insufficient beyond this answer. Realizing minor was unwilling to work through the issue, first counselor ended the session after 20 minutes.

Supervisor testified that after this incident, minor was dismissed from the agency and transferred to second counselor because minor was "disruptive to the entire agency" and "nobody wanted to work with him." Second counselor also experienced "some resistance [from minor] when it [came] to taking the program seriously." For example,

4

minor reacted with frustration and anger when second counselor told him that he needed to redo the intake assessments.

Minor also testified at the hearing. He admitted he was not happy about this part of his probation when it was first imposed. In his view, he did not touch anyone inappropriately and did not need counseling. He also testified that (1) he has a "504 plan" that gives him extra time on assignments and extra help from a teacher on tests; (2) no one helped him with the intake assessment; (3) first counselor and supervisor didn't tell him about the final assignment when they described the program; (4) he struggled with reading the workbooks and articulating some of the concepts; (5) the workbook content sometimes felt accusatory rather than educational; and (6) after completing five workbooks, he was told he needed to do a final assignment. Regarding the sexual needs question on the final assignment, minor testified he had answered truthfully, it was one of his only "Godly answers," he was "a little bit upset" at being asked to change it, and he was raised to wait for his wife.

At the conclusion of the evidentiary hearing, minor's counsel argued that minor substantially complied with the program by attending weekly counseling sessions for over a year, completing the workbooks, and providing answers to all the final assignment questions. In her view, minor's answer to the sexual needs question was consistent with his beliefs and upbringing and any redirection minor needed during the sessions was attributable to his learning disability.

The juvenile court concluded that minor's resistance to the program from the outset prevented minor from completing this "important component" of his probation. It explained that minor "does not get to determine which conditions are appropriate . . . or which conditions he will fulfill." The court concluded that substantial compliance had not been shown, terminated minor's section 725(a) status, and adjudged him a ward of the court under section 725, subdivision (b).

Minor timely appeals.

5

Minor contends the juvenile court abused its discretion by finding he failed to comply with probation. But minor's reliance on the abuse of discretion standard to review this factual finding is misplaced. While the decision to adjudge minor a ward of the court is reviewed for abuse of discretion (*In re Robert H.* (2002) 96 Cal.App.4th 1317, 1329-1330), the finding that minor failed to comply with probation is reviewed for substantial evidence (*In re D.H.* (2020) 58 Cal.App.5th 44, 54). As we will explain, substantial evidence supported that finding here.

When the juvenile court finds that a minor has committed a statutorily identified offense such as the one here, section 725(a) allows the juvenile court to place the minor on probation for up to six months without adjudging the minor a ward of the court. If the minor fails to comply with the conditions of that probation, the juvenile court can order wardship. (§ 725(a).) The parties dispute how a juvenile court should determine whether a minor "fails to comply" with probation under section 725(a). Minor invokes section 786, which concerns the sealing of dismissed juvenile petitions, and contends there is no failure to comply if there is "substantial compliance." The People invoke section 777, which concerns revocation of juvenile probation, and contend a willful violation constitutes a failure to comply. We need not resolve this dispute because substantial evidence supports a finding under either standard. (See *In re N.R.* (2017) 15 Cal.App.5th 590, 596-598.)

Substantial evidence is " ' "evidence that is reasonable, credible, and of solid value," ' " from which a rational fact finder could reach the factual finding at issue. (*In re George T.* (2004) 33 Cal.4th 620, 630-631.) When conducting this review, we view the evidence in the light most favorable to the prosecution and presume in support of the findings the existence of every fact the juvenile court could have reasonably deduced from the evidence. (*In re B.J.* (2020) 49 Cal.App.5th 646, 651.) We do not reweigh the evidence or exercise independent judgment but merely determine if there are sufficient

6

facts to support the juvenile court's findings.  (*In re. K.M.* (2024) 102 Cal.App.5th 910, 914.)

Here, substantial evidence supports the finding that minor did not substantially comply with, and willfully violated, a condition of his probation.  That condition was to "enroll in and successfully complete counseling to address sexual boundaries awareness." From the testimonies of first counselor, supervisor, and minor, a reasonable finder of fact could conclude that minor's struggles with this condition were not limited to one question on his final assignment; rather, those struggles began when the condition was imposed, continued through intake at the program, and were more consistent than his periods of compliance.  A reasonable finder of fact could also conclude that those struggles were attributable to minor's willful rejection of the program and refusal to take responsibility for his actions.  (See *In re Jerry R.* (1994) 29 Cal.App.4th 1432, 1438 [term "willful" requires that only that the conduct occur intentionally].)  That conclusion is reinforced by second counselor's testimony that minor's resistance continued even when minor was moved to a different agency.  The testimonies supporting these facts provide substantial evidence that minor willfully violated or failed to substantially comply with a probation condition.

We also find no merit to minor's contention that the juvenile court failed to consider minor's learning disability or religious background when making this finding. This contention essentially asks us to reweigh the evidence, which is not something we do on review for substantial evidence.  (*K.M.*, *supra*, 102 Cal.App.5th at p. 914.)  And minor's passing citation to a federal case concerning a faith-based substance abuse treatment program and First Amendment religious rights does not persuade us either. Minor did not raise a First Amendment issue in the juvenile court, nor does he explain how that issue or the cited federal case applies to his circumstances.  (See *In re M.H.* (2016) 1 Cal.App.5th 699, 713 [forfeiture]; *Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684 [we do not develop arguments for the parties]; *Woods v.*

*Horton* (2008) 167 Cal.App.4th 658, 677 ["[a] court need not consider an issue where reasoned, substantial argument and citation to supporting authorities are lacking," and "[t]he mere assertion of a statutory or constitutional violation, followed by simply a citation to the statute or constitutional provision, does not merit a judicial response"].)

Finally, we find no merit to minor's suggestion, citing *People v. Lent* (1975) 15 Cal.3d 481, that the sexual boundaries condition was inappropriate. Minor never challenged the condition on that ground in the trial court and cannot do so for the first time on appeal. (*People v. Gonzalez* (2020) 57 Cal.App.5th 960, 978.)

DISPOSITION

The order adjudging minor a ward of the court is affirmed.


  /s/  
MESIWALA, J.


We concur:


  /s/  
EARL, P. J.


  /s/  
KRAUSE, J.